United States Bankruptcy Court
Southern District of Texas
ENTERED
August 22, 2023
Nathan Ochsner, Clerk

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** [1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**ORDER (I) APPROVING THE ADEQUACY OF THE SECOND AMENDED DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION, VOTING, AND TABULATION PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (V) APPROVING CURE NOTICE AND ASSUMED CONTRACT OBJECTION PROCEDURES AND (VI) GRANTING RELATED RELIEF**

[Relates to Dkt. Nos. 378, 429, and 452]

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order(this "Order"): (a) approving the adequacy of the Disclosure Statement[3], (b) approving certain dates and deadlines with respect to the Plan and Disclosure Statement, including establishing a Voting Record Date, (c) approving procedures for the solicitation, voting, and tabulation of votes on the Plan, (d) approving the forms of Ballots and Solicitation Packages and the materials contained herein, (e) approving the form of the Non-Voting Status Notices, (f) fixing the date, time and place

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431); and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

[2] Capitalized Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] References to the Disclosure Statement in this Order shall mean the Second Amended Disclosure Statement filed at Docket No.452.

for the Confirmation Hearing and approving the Confirmation Hearing Notice, (g) approving the form of Cure Notice and Assumed Contract Objection Procedures related thereto, (h) approving the procedures for obtaining temporary allowance of Claims, (i) approving the procedures for participation in the Exit Facility, and (j) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

## I. Approval of the Disclosure Statement

1. The relief requested in the Motion is GRANTED.

2. The Disclosure Statement is hereby approved as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rules

2002(c)(3) and 3016(b) and (c).

## II. Approval of the Procedures, Materials, and Timeline for Soliciting Votes on and Confirming the Plan

### A. Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement

3. The following dates are hereby established (subject to modification, as necessary) with respect to the solicitation of votes and voting on the Plan, the solicitation of participation in the Exit Facility, and confirming the Plan:

| Event | Date |
|---|---|
| **Voting Record Date**<br><br>**Exit Election Record Date** | August 22, 2023 |
| **Solicitation Deadline**<br><br>**Deadline to Serve Cure Notice (including proposed Cure Claims)**<br><br>**Publication Deadline** | August 28, 2023 |
| **Deadline to Object to Claims for Voting Purposes** | September 6, 2023 |
| **Temporary Allowance Deadline** | September 13, 2023 |
| **Deadline to file Plan Supplement**<br><br>**Deadline to file proposed Confirmation Order** | September 20, 2023 |

| Event | Date |
|---|---|
| **Voting Deadline**<br><br>**Exit Election Deadline**<br><br>**Opt-Out Deadline**<br><br>**Confirmation Objection Deadline (including Assumed Contract Objections)** | September 25, 2023, at 4:00 p.m. Central Time |
| **Deadline to file Voting Report**<br><br>**Deadline to file Witness and Exhibit List** | October 2, 2023 |
| **Confirmation Hearing** | October 4, 2023, at 2:00 p.m. Central Time |

**B. Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan**

4. The Solicitation Packages to be transmitted on or before **August 28, 2023** (the "Solicitation Deadline") to those holders of Claims in the Voting Classes as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a. this Order (without exhibits, except as set forth below);

b. the Disclosure Statement (and exhibits thereto, including the Plan);

c. the applicable form of Ballot, in substantially the form of the Ballots attached hereto as **Exhibits A-1** and **A-2**, for each Voting Class in which such holder holds a Claim;

d. a copy of the Solicitation Procedures, in substantially the form attached hereto as **Exhibit C**;

e. the Confirmation Hearing Notice, in substantially in the form attached hereto **as Exhibit D**;

f. a pre-addressed, postage pre-paid reply envelope;

g. a solicitation letter from the Debtors in support of the Plan, and in the Debtors' discretion, a solicitation letter, if any, in support of the Plan from other parties-in-interest; and

h. such other materials as the Bankruptcy Court may direct or the Debtors may deem appropriate.

5. The Debtors shall distribute Solicitation Packages to all holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6. The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to holders of Claims entitled to vote of the Plan in electronic format. Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format. All copies of the Ballots, the Solicitation Procedures, and the Confirmation Hearing Notice will be provided in paper form.

7. On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages (other than Ballots) to the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to all parties on the Master Service List as of the Voting Record Date.

8. The Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims; (c) responding to inquiries from holders of Claims and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan and/or the Disclosure Statement.

9. The Solicitation Agent is also authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtors' case website as set forth in the Solicitation and Voting Procedures. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**C. Approval of the Form of Notice of Non-Voting Status**

10. Except to the extent that the Debtors determines otherwise, the Debtors are not required to provide Solicitation Packages to holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice, substantially in the form attached hereto as **Exhibit B**, in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties who are in the Non-Voting Classes.

11. The Debtors are not required to mail Solicitation Packages, other solicitation materials, or a Non-Voting Status Notice to holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or whose prior mailings in the Chapter 11 Cases were returned as undeliverable and who have not provided a forwarding address by the Voting Record Date.

**D. Approval of the Solicitation Procedures**

12. The Debtors are authorized to solicit, receive, and tabulate votes on the Plan in accordance with the Solicitation Procedures attached hereto as **Exhibit C**, which are incorporated herein by reference and hereby approved in their entirety.

13. If no votes to accept or reject the Plan are received with respect to a particular Class of Claims for which holders of such Claims are entitled to vote on the Plan with respect to

such Claims and at least one such holder holds an Allowed Claim with respect to such Claims, such Class shall be deemed to have voted to accept the Plan.

14. Any Class of Claims or Interests that do not have a holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

15. Upon completion of the balloting, the Solicitation Agent shall certify the amount and number of Allowed Claims of the Voting Classes voting to accept or reject the Plan in a voting report (the "Voting Report"). The Debtors shall file the Voting Report with the Bankruptcy Court on or before **October 2, 2023**.

### E. Approval of the Confirmation Hearing Notice

16. The Confirmation Hearing Notice, in the form attached hereto as **Exhibit D**, which shall be filed by the Debtors and served upon parties in interest in the Chapter 11 Cases on or before **August 28, 2023**, constitutes adequate and sufficient notice of the hearing to consider confirmation of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors shall also publish the Confirmation Hearing Notice (in a format modified for publication) on or before **August 28, 2023**, or as soon as reasonably practicable thereafter, on one occasion in the national edition of *USA Today*.

17. The Confirmation Hearing Notice provides holders of Claims and other parties in interest with sufficient notice of the release provisions contained in Article X of the Plan and the effect thereof.

### F. Approval of Notice to Contract and Lease Counterparties and Assumed Contract Objection Procedures

18. The Debtors are authorized to mail a notice of Cure Claim to all parties to any Executory Contracts or Unexpired Leases (and notice of any corresponding Cure Claim), substantially in the form attached hereto as **Exhibit E**, on or before **August 28, 2023**.

19. The Assumed Contract Objection Procedures, including with respect to Assumed Contract Objections, are hereby approved.

20. The presence of any Executory Contract or Unexpired Lease on Schedule A attached to the Cure Notice does not constitute a finding or an admission that such contract or lease is an executory contract or unexpired lease.

### G. Approval of the Procedures for Filing Objections to Confirmation of the Plan

21. Objections to confirmation of the Plan will not be considered by this Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials), as applicable, that would resolve such objection; and (d) be filed with this Court on or before **September 25, 2023, at 4:00 p.m. CT**.

### H. Approval of the Procedures for Obtaining Temporary Allowance of Claims

22. If any holder of a Claim seeks to challenge the allowance or classification of its Claim for voting purposes in accordance with the Solicitation Procedures, then **on or before September 13, 2023** (the "Temporary Allowance Deadline"), such holder must file a motion (a "Motion for Temporary Allowance"), pursuant to Bankruptcy Rule 3018(a) requesting that this Court

temporarily allow its Claim in a different amount or with a different classification for purposes of voting to accept or reject the Plan. Unless and until a Claim is temporarily allowed in a different amount or with a different classification for purposes of voting to accept or reject the Plan pursuant to an order of this Court entered prior to the Voting Deadline after notice and a hearing, any Ballot submitted by a holder of a Claim shall be counted in accordance with the Solicitation Procedures without regard to the amount sought to be allowed or the classification sought to be applied in any Motion for Temporary Allowance.

## III. The Exit Facility Participation Procedures

23. The Exit Facility Participation Procedures are approved in their entirety, including all dates and deadlines contained therein.

24. The form of the Exit Participation Form is hereby approved.

25. The Debtors are authorized to solicit participation in the Exit Facility as set forth in the Exit Facility Participation Procedures.

## IV. Non-Substantive or Immaterial Modifications

26. The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Solicitation Packages, the Exit Facility Participation Procedures, the Exit Participation Form, the Ballots, the Non-Voting Status Notice, the Confirmation Hearing Notice, the Cure Notice and related documents (in each case including the appendices thereto) without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors, and to make conforming changes among such documents (including the appendices thereto), subject to the Restructuring Support Agreement. Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

**V. Miscellaneous**

27. The Debtors' rights are reserved to modify the Plan without further order of this Court in accordance with Article IX of the Plan, including the right to withdraw the Plan at any time before the Confirmation Hearing, subject to the Restructuring Support Agreement.

28. Objections to confirmation of the Plan, or otherwise that are not timely filed and served in the manner set forth in this Order may not be considered by the Bankruptcy Court and shall be overruled.

29. The Debtors are authorized to update any financial information in the Disclosure Statement with more current or accurate information to the extent available prior to the distribution of the Solicitation Packages.

30. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

31. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

33. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice.

34. To the extent Bankruptcy Rule 6004(h) applies, such stay is waived and the terms and conditions of this Order are immediately effective and enforceable upon its entry.

35. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

36. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 22, 2023

Christopher Lopez
United States Bankruptcy Judge

# Exhibit A-1

## Class 3 and Class 5 First Lien Deficiency Claim Ballot

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** [1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**BALLOT FOR HOLDERS OF CLASS 3**
**FIRST LIEN SECURED CLAIMS AND**
**CLASS 5 FIRST LIEN DEFICIENCY CLAIMS**
**TO ACCEPT OR REJECT THE**
**CHAPTER 11 PLAN OF THE DEBTORS**

**VOTING DEADLINE: SEPTEMBER 25, 2023, at 4:00 P.M., PREVAILING CENTRAL TIME**

THIS BALLOT IS TO BE USED BY HOLDERS OF FIRST LIEN SECURED CLAIMS IN CLASS 3 ("CLASS 3 CLAIMS") AND FIRST LIEN DEFICIENCY CLAIMS IN CLASS 5 ("CLASS 5 CLAIMS"). PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND SUBMIT IT TO EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") IN ACCORDANCE WITH THE INSTRUCTIONS BELOW VIA (I) THE SOLICITATION AGENT'S E-BALLOT SYSTEM, OR (II) THE RETURN ENVELOPE PROVIDED. IF YOUR VOTE HAS NOT BEEN RECEIVED BY THE SOLICITATION AGENT **BY 4:00 P.M., C.T., ON SEPTEMBER 25, 2023, IT WILL NOT BE COUNTED. FACSIMILE SIGNATURES WILL NOT BE ACCEPTED WITHOUT THE WRITTEN CONSENT OF THE DEBTORS.**

Heritage Power, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), whose chapter 11 cases are being jointly administered, are soliciting votes with respect to the Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (as may be amended, the "Plan") described in and attached to the Disclosure Statement in Support of the Joint Plan of Reorganization of Heritage Power, LLC, and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (as may be amended, the "Disclosure Statement"). First Lien Secured Claims are classified as Class 3 Claims under the Plan. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

To have your vote count, this Ballot must be completed and returned to the Solicitation Agent in

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431), and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

accordance with the instructions below. Please see the "Instructions for Completing the Ballot" below for additional information.

***Please note that any holder of Allowed Claims in both Classes 3 and 5 will not receive a separate Ballot for its Class 5 Claim, and such Class 5 Claim shall be deemed voted consistent with such holder's vote on its Class 3 Ballot.***

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if (a) the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of claims in such class that votes on the Plan and (b) if it otherwise satisfies the requirements of section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. THE VOTE CAST BELOW WILL BE APPLIED IN THE SAME MANNER AGAINST EACH APPLICABLE DEBTOR.

**Item 1. Aggregate Amount of Claim.**

This Ballot is cast by or on behalf of the holder of a First Lien Claim in the aggregate amount of $____________________, which shall be allocated between a Class 3 Claim and a Class 5 Claim in accordance with the Plan, as described in the instructions attached to this Ballot.[2]

If you hold Class 3 Claims against more than one Debtor, your vote on this Ballot (including with respect to any Class 5 Claim) will count with respect to each such Debtor.

**Item 2. Class 3 (First Lien Secured Claims) Vote and Class 5 (General Unsecured Claims).**

The holder of the Class 3 Claim and Class 5 Claim votes its claims as follows (check one box only):

| **ACCEPT** THE PLAN | | **REJECT** THE PLAN |
|---|---|---|
| | **-OR-** | |
| ☐ | | ☐ |

**Item 3. Class 5 Convenience Claim Election**

The undersigned holder of a Class 5 General Unsecured Claim hereby elects to reduce the Allowed amount of the undersigned's Class 5 General Unsecured Claim to the Convenience Claim Threshold Amount of $115,000 and receive the Convenience Claim treatment set forth in Article II.C.4 of the Plan with respect to such Class 5 General Unsecured Claim. ***PLEASE NOTE THAT IF YOU MAKE THIS ELECTION, YOUR VOTE WILL NOT BE COUNTED AS A CLASS 5 GENERAL UNSECURED CLAIM.***

**Convenience Claim Election**

☐

[2] For voting purposes only, subject to the Voting and Tabulation Procedures.

**Item 4. "Opt Out" of Releases under Article X.E of the Plan.**

Any Claim holder that voted to reject the Plan may opt out of the releases contained in Article X.E of the Plan by checking the below box.

**BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E.1 OF THE PLAN TO THE EXTENT YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**CHECK THIS BOX TO OPT-OUT OF RELEASES PROVIDED IN ARTICLE X.E OF THE PLAN AND AS DESCRIBED BELOW**

☐

Article X.E.2 of the Plan provides:

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS, AND IS DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH RELEASING PARTY, THEIR ESTATES, AND THE REORGANIZED DEBTORS IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE DEBTORS' RESTRUCTURING EFFORTS, THE FILING OF THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTION BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DEFINITIVE DOCUMENTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS OR THE RESTRUCTURING TRANSACTIONS (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE**

**RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE PURSUIT OF CONSUMMATION OF THE RESTRUCTURING TRANSACTIONS OR ANY OTHER TRANSACTION RELATED THERETO, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, AND ANY AND ALL OTHER PAYMENTS MADE, INVESTMENTS UNDERTAKEN, OR VALUE TRANSFERS OF ANY KIND, IN EACH CASE THAT FLOWED FROM THE DEBTOR TO ANY RELEASED PARTY, THE SHAWVILLE LEASE DOCUMENTS, SHAWVILLE TRANSACTION, CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS, THE GENON PARTICIPATION, THE NEW CASTLE HRCO AND THE NEW CASTLE HRCO AMENDMENT, MANAGEMENT SERVICES AGREEMENT, THE O&M AGREEMENT, THE SPONSOR EMA REIMBURSEMENT AGREEMENT, THE TRANSITION SERVICES AGREEMENT AND THE NEW CASTLE CONTRIBUTION AGREEMENT AND ANY TRANSACTIONS RELATED THERETO, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, PROVIDED THAT, NOTWITHSTANDING THE FOREGOING OR ANY OTHER PROVISION HEREOF, THE CONSENTING CREDITOR PRESERVED CLAIMS AND THE SPONSOR PRESERVED CLAIMS ARE EXPRESSLY PRESERVED AND NOT RELEASED OR IN ANY WAY AFFECTED OR PREJUDICED HEREBY. FOR THE AVOIDANCE OF DOUBT AND WITHOUT LIMITING THE SCOPE OF THE FOREGOING, THE RELEASED CLAIMS SHALL INCLUDE ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER THAT ARISE FROM OR RELATE TO, IN WHOLE OR IN PART, ANY CLAIM TO CHARACTERIZE ANY OF THE SHAWVILLE LEASES AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY OR THE SHAWVILLE LEASE DOCUMENTS AND ANY TRANSACTION RELATED THERETO AS ANYTHING OTHER THAN A TRUE SALE TRANSACTION AND A TRUE LEASE TRANSACTION, AND ANY CLAIM BY ANY PARTY TO CHARACTERIZE ANY SHAWVILLE LEASE AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY AT ANY TIME INCLUDING IN ANY FUTURE BANKRUPTCY OR ANY OTHER CONTEXT, AND ANY OTHER CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES THAT ARE INCONSISTENT WITH THE STATEMENT BELOW:**

Further, under the Plan, ***Releasing Party*** is defined to mean:

> collectively, and in each case in its capacity as such, (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each holder of a Claim or Interest (1) that votes to accept the Plan, (2) whose vote to accept or reject the Plan is solicited but that does not vote either to accept or to reject the Plan and does not timely elect to opt out of granting the releases set forth herein, (3) that votes, or is deemed, to reject the Plan but does not timely elect to opt out of granting the releases set forth herein, or (4) whose vote to accept or reject the Plan is not solicited and that does not timely elect to opt out of granting the releases set forth herein; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Releasing Party if it: (x) timely elects to opt out of granting the releases contained in the Plan, including through any Ballot or notice of non-voting status; or (y) timely files with the Bankruptcy Court an objection to the releases contained herein that is not resolved before the confirmation of the Plan..

As described above, under the Plan you may be deemed to be a Releasing Party and to consent to providing the releases contained in Article X.E.2 of the Plan. **You may, however, check the box above to opt-out of the releases contained in Article X.E.2 of the Plan, only if you also vote to Reject the Plan in Item 2 above.** If you (a) vote to accept the Plan, (b) do not submit the Ballot to accept or reject the Plan or opt out of the releases, or (c) reject the Plan but do not opt out of the releases by checking the box above, you will be deemed to be a Releasing Party and to have provided the releases in Article X.E.2 of the Plan.

**Item 5. Certification**

By returning this Ballot, the voter certifies and/or acknowledges that: (a) the claim holder has been provided with a copy of the Disclosure Statement, including the Plan; and (b) the claim holder has full power and authority to vote to accept or reject the Plan and to deliver this Ballot.

NAME: ______________________________________

BY: ______________________________________
(If appropriate)

TITLE: ______________________________________
(If appropriate)

ADDRESS: ______________________________________

______________________________________

CITY, STATE ZIP: ________________________________

TELEPHONE NUMBER: (      ) ______ - __________

DATE: ______________________________________

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 25, 2023. ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE:**

**If by First-Class Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center

P.O. Box 4422
Beaverton, OR 97076-4422

**If by Hand Delivery or Overnight Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
10300 SW Allen Blvd.
Beaverton, OR 97005

**By Electronic, Online Submission:**

Please visit http://dm.epiq11.com/heritagepower. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. **If you choose to submit your Ballot via Epiq's E-Ballot system, you should not also return a hard copy of your Ballot.** You will need your Unique E-Ballot ID# to submit your E-Ballot. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. **Holders who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: ________________________________**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote with respect to the Plan referred to in the Disclosure Statement. Please review the Disclosure Statement in its entirety, including exhibits, before you vote.

On ________, 2023, the United States Bankruptcy Court for the Southern District of Texas, Houston Division signed an order which establishes certain procedures (the "Voting and Tabulation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting and Tabulation Procedures are described in Article III.E of the Disclosure Statement. Please review the Voting and Tabulation Procedures carefully before completing this Ballot.

***Instructions: Please complete this Ballot as follows*:**

(a) Item 1 has been pre-populated by Epiq, the Debtors' Solicitation Agent. Class 3 consists of all First Lien Secured Claims. The amount of a particular holder's Allowed First Lien Secured Claim is determined by multiplying (i) the First Lien Collateral Value by (ii) the ratio of such holder's Allowed First Lien Claim to the aggregate amount of all Allowed First Lien Claims.

Class 5 consists of all General Unsecured Claims, including the First Lien Deficiency Claims. The aggregate amount of Allowed First Lien Deficiency Claims as of the Effective Date shall be equal to (i) the aggregate amount of Allowed First Lien Claims as of the Effective Date *minus* (ii) the aggregate amount of Allowed First Lien Secured Claims as of the Effective Date. The amount of a particular holder's Allowed First Lien Deficiency Claim (if any) at a given time is determined by subtracting the amount of such holder's Allowed First Lien Secured Claim at such time from such holder's Allowed First Lien Claim at such time.

The amounts, if any, of your Allowed First Lien Secured Claim (Class 3) and your Allowed First Lien Deficiency Claim (Class 5) are dependent upon the total amount of Allowed First Lien Claims. Currently, certain First Lien Claims are subject to dispute, and the total amount of Allowed First Lien Claims has not been finalized.

(b) Vote to accept or reject the Plan by checking the appropriate box in Item 2;

(c) Decide whether to select the optional Convenience Claim election in Item 3, and if so, check the box; if not, leave the box blank. PLEASE NOTE THAT IF YOU MAKE THIS ELECTION, YOUR VOTE WILL NOT BE COUNTED AS A CLASS 5 GENERAL UNSECURED CLAIM;

(c) Review the release provisions set forth in Item 4, and, if you have voted to reject the Plan and intend to opt out of the releases contained in Article X.E.2 of the Plan, check the box in Item 4 to indicate that you are opting out of the releases;

(d) Review the acknowledgment and certification set forth in Item 5;

(e) Date this Ballot, and provide your address if it does not appear on the Ballot; and

(f) If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing and provide proof of your authorization to so sign.

TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE, SIGN AND RETURN THIS

BALLOT SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT NO LATER THAN **4:00 P.M., CENTRAL TIME, ON SEPTEMBER 25, 2023**.

YOUR ORIGINAL SIGNATURE IS REQUIRED ON THE BALLOT IN ORDER FOR YOUR VOTE TO COUNT. ANY BALLOT SUBMITTED ONLINE SHALL BE DEEMED TO INCLUDE AN ORIGINAL SIGNATURE

YOU MUST VOTE ALL OF YOUR CLAIMS WITHIN CLASS 3 AND CLASS 5 UNDER THE PLAN EITHER TO ACCEPT OR REJECT THE PLAN. A BALLOT THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E.1 OF THE PLAN TO THE EXTENT YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

Any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Order Approving the Disclosure Statement may view such documents at http://dm.epiq11.com/heritagepower.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIAL, INCLUDING THE PLAN, PLEASE CONTACT EPIQ THROUGH EMAIL AT HERITAGEPOWERINFO@EPIQGLOBAL.COM OR BY CALLING EPIQ AT (888) 296-8501 (TOLL-FREE NUMBER WITHIN THE U.S./CANADA) OR +1 (503) 461-1847 (NON-U.S./CANADA).

*Please Note:* This Ballot shall not constitute or be deemed a proof of claim or equity interest.

**Exhibit A-2**

**Class 5 Ballot**

**(Excluding First Lien Deficiency Claims)**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** [1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**BALLOT FOR HOLDERS OF CLASS 5**
**GENERAL UNSECURED CLAIMS (OTHER THAN**
**FIRST LIEN DEFICIENCY CLAIMS)**
**TO ACCEPT OR REJECT THE**
**CHAPTER 11 PLAN OF THE DEBTORS**

**VOTING DEADLINE: SEPTEMBER 25, 2023, at 4:00 P.M., PREVAILING CENTRAL TIME**

THIS BALLOT IS TO BE USED BY HOLDERS OF GENERAL UNSECURED CLAIMS IN CLASS 5. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND SUBMIT IT TO EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") IN ACCORDANCE WITH THE INSTRUCTIONS BELOW VIA (I) THE SOLICITATION AGENT'S E-BALLOT SYSTEM, OR (II) THE RETURN ENVELOPE PROVIDED. IF YOUR VOTE HAS NOT BEEN RECEIVED BY THE SOLICITATION AGENT **BY 4:00 P.M., C.T., ON SEPTEMBER 25, 2023, IT WILL NOT BE COUNTED. FACSIMILE SIGNATURES WILL NOT BE ACCEPTED WITHOUT THE WRITTEN CONSENT OF THE DEBTORS.**

Heritage Power, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), whose chapter 11 cases are being jointly administered, are soliciting votes with respect to the Joint Plan of Reorganization of Heritage Power, LLC and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (as may be amended, the "Plan") described in and attached to the Disclosure Statement in Support of the Joint Plan of Reorganization of Heritage Power, LLC and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (as may be amended, the "Disclosure Statement"). General Unsecured Claims are classified as Class 5 Claims under the Plan. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

To have your vote count, this Ballot must be completed and returned to the Solicitation Agent in accordance with the instructions below. Please see the "Instructions for Completing the Ballot" below for additional information.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if (a) the Plan

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431), and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of claims in such class that votes on the Plan and (b) if it otherwise satisfies the requirements of section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**Item 1. Aggregate Amount of Claim.**

This Ballot is cast by or on behalf of the holder of the Class 5 Claim in the aggregate amount forth below:[2]

$______________________

If you hold Class 5 claims against more than one Debtor, your vote on this Ballot will count with respect to each such Debtor.

**Item 2. Class 5 (General Unsecured Claims Claimant) Vote.**

The holder of the General Unsecured Claims votes its claim as follows (check one box only):

| **ACCEPT** THE PLAN | | **REJECT** THE PLAN |
|---|---|---|
| | **-OR-** | |
| ☐ | | ☐ |

**Item 3. Convenience Claim Election**

The undersigned holder of a Class 5 General Unsecured Claim set forth in Item 1 hereby elects to reduce the Allowed amount of the undersigned's Class 5 General Unsecured Claim set forth in Item 1 to the Convenience Claim Threshold Amount of $115,000 and receive the Convenience Claim treatment set forth in Article II.C.4 of the Plan.

**Convenience Claim Election**

☐

**Item 4. "Opt Out" of Releases under Article X.E of the Plan.**

Any Claim holder that voted to reject the Plan may opt out of the releases contained in Article X.E.2 of the Plan by checking the below box.

**BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E.1 OF THE PLAN TO THE EXTENT YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

[2] For voting purpose only, subject to Voting and Tabulation Procedures.

**CHECK THIS BOX TO OPT-OUT OF RELEASES PROVIDED IN ARTICLE X.E OF THE PLAN AND DESCRIBED BELOW**

☐

Article X.E.2 of the Plan provides:

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS, AND IS DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH RELEASING PARTY, THEIR ESTATES, AND THE REORGANIZED DEBTORS IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE DEBTORS' RESTRUCTURING EFFORTS, THE FILING OF THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTION BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DEFINITIVE DOCUMENTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS OR THE RESTRUCTURING TRANSACTIONS (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE PURSUIT OF CONSUMMATION OF THE RESTRUCTURING TRANSACTIONS OR ANY OTHER TRANSACTION RELATED THERETO, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, AND ANY AND ALL OTHER PAYMENTS MADE, INVESTMENTS UNDERTAKEN, OR VALUE TRANSFERS OF ANY KIND, IN EACH CASE THAT FLOWED FROM THE DEBTOR TO ANY RELEASED PARTY, THE SHAWVILLE LEASE DOCUMENTS, SHAWVILLE TRANSACTION, CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS, THE GENON PARTICIPATION, THE NEW CASTLE HRCO AND THE NEW CASTLE HRCO AMENDMENT, MANAGEMENT SERVICES AGREEMENT, THE O&M AGREEMENT, THE SPONSOR EMA REIMBURSEMENT AGREEMENT, THE TRANSITION SERVICES AGREEMENT AND THE NEW CASTLE CONTRIBUTION AGREEMENT AND ANY TRANSACTIONS RELATED THERETO, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING**

**TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, PROVIDED THAT, NOTWITHSTANDING THE FOREGOING OR ANY OTHER PROVISION HEREOF, THE CONSENTING CREDITOR PRESERVED CLAIMS AND THE SPONSOR PRESERVED CLAIMS ARE EXPRESSLY PRESERVED AND NOT RELEASED OR IN ANY WAY AFFECTED OR PREJUDICED HEREBY. FOR THE AVOIDANCE OF DOUBT AND WITHOUT LIMITING THE SCOPE OF THE FOREGOING, THE RELEASED CLAIMS SHALL INCLUDE ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER THAT ARISE FROM OR RELATE TO, IN WHOLE OR IN PART, ANY CLAIM TO CHARACTERIZE ANY OF THE SHAWVILLE LEASES AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY OR THE SHAWVILLE LEASE DOCUMENTS AND ANY TRANSACTION RELATED THERETO AS ANYTHING OTHER THAN A TRUE SALE TRANSACTION AND A TRUE LEASE TRANSACTION, AND ANY CLAIM BY ANY PARTY TO CHARACTERIZE ANY SHAWVILLE LEASE AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY AT ANY TIME INCLUDING IN ANY FUTURE BANKRUPTCY OR ANY OTHER CONTEXT, AND ANY OTHER CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES THAT ARE INCONSISTENT WITH THE STATEMENT BELOW:**

> **THE SHAWVILLE LEASES ARE TRUE LEASES AND DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, AGREE NOT TO COMMENCE OR CONTINUE ANY CLAIM OR CAUSE OF ACTION, OR OTHERWISE TAKE ANY POSITION IN ANY JUDICIAL PROCEEDING, ADMINISTRATIVE PROCEEDING, OR OTHER PROCEEDING, THE BANKRUPTCY COURT, IN ANY FEDERAL OR STATE COURT, OR IN ANY OTHER COURT, ARBITRATION PROCEEDING, ADMINISTRATIVE AGENCY, OR OTHER FORUM IN THE UNITED STATES OR ELSEWHERE, IN EACH CASE THAT IS IN ANY WAY INCONSISTENT WITH THE POSITION THAT EACH SHAWVILLE LEASE IS A TRUE LEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE EXIT FACILITY, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASES ARE: (A) CONSENSUAL; (B) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (C) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (D) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASES; (E) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (F) FAIR, EQUITABLE, AND REASONABLE; (G) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (H) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASES.**

Further, under the Plan ***Releasing Party*** is defined to mean:

> collectively, and in each case in its capacity as such, (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each holder of a Claim or Interest (1) that votes to accept the Plan, (2) whose vote to accept or reject the Plan is solicited but that does not vote either to accept or to reject the Plan and does not timely elect to opt out of granting the releases set forth herein, (3) that votes, or is deemed, to reject the Plan but does not timely elect to opt out of granting the releases set forth herein, or (4) whose vote to accept or reject the Plan is not solicited and that does not timely elect to opt out of granting the releases set forth herein; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Releasing Party if it: (x) timely elects to opt out of granting the releases contained in the Plan, including through any Ballot or notice of non-voting status; or (y) timely files with the Bankruptcy Court an objection to the releases contained herein that is not resolved before the confirmation of the Plan..

As described above, under the Plan you may be deemed to be a Releasing Party and to consent to providing the releases contained in Article X.E.2 of the Plan. **You may, however, check the box above to opt-out of the releases contained in Article X.E.2 of the Plan, only if you also vote to Reject the Plan in Item 2 above.** If you (a) vote to accept the Plan, (b) do not submit the Ballot to accept or reject the Plan, or (c) reject the Plan but do not opt-out by checking the box above, you will be deemed to be a Releasing Party and to have provided the releases in Article X.E.2 of the Plan.

**Item 5. Certification**

By returning this Ballot, the voter certifies and/or acknowledges that: (a) the claim holder has been provided with a copy of the Disclosure Statement, including the Plan; and (b) the claim holder has full power and authority to vote to accept or reject the Plan and to deliver this Ballot.

NAME: ________________________________

BY: ________________________________
(If appropriate)

TITLE: ________________________________
(If appropriate)

ADDRESS: ________________________________

________________________________

CITY STATE ZIP: ________________________________

TELEPHONE NUMBER: (____) ______-__________

EMAIL ADDRESS: ________________________________

DATE: ________________________________

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING CENTRAL TIME, ON SEPTEMBER 25, 2023. ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE:**

**If by First-Class Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
P.O. Box 4422
Beaverton, OR 97076-4422

**If by Hand Delivery or Overnight Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center

10300 SW Allen Blvd.
Beaverton, OR 97005

**By Electronic, Online Submission:**

Please visit http://dm.epiq11.com/heritagepower. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. **If you choose to submit your Ballot via Epiq's E-Ballot system, you should not also return a hard copy of your Ballot.** You will need your Unique E-Ballot ID# to submit your E-Ballot. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. **Holders who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:** ________________________________

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote with respect to the Plan referred to in the Disclosure Statement. Please review the Disclosure Statement in its entirety, including exhibits, before you vote.

On ________, 2023, the United States Bankruptcy Court for the Southern District of Texas, Houston Division signed an order which establishes certain procedures (the "Voting and Tabulation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting and Tabulation Procedures are described in Article III.E of the Disclosure Statement. Please review the Voting and Tabulation Procedures carefully before completing this Ballot.

***Instructions: Please complete this Ballot as follows*:**

(a) Item 1 has been pre-populated by Epiq, the Debtors' Solicitation Agent;

(b) Vote to accept or reject the Plan by checking the appropriate box in Item 2;

(c) Decide whether to select the optional Convenience Claim election in Item 3, and if so, check the box; if not, leave the box blank;

(d) Review the release provisions set forth in Item 4, and, if you have voted to reject the Plan and intend to opt out of the releases contained in Article X.E.2 of the Plan, check the box in Item 4 to indicate that you are opting out of the releases;

(d) Review the acknowledgment and certification set forth in Item 5;

(f) Date this Ballot, and provide your address if it does not appear on the Ballot; and

(g) If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.

TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT **NO LATER THAN 4:00 P.M., C.T., ON SEPTEMBER 25, 2023**.

YOUR ORIGINAL SIGNATURE IS REQUIRED ON THE BALLOT IN ORDER FOR YOUR VOTE TO COUNT. ANY BALLOT SUBMITTED ONLINE SHALL BE DEEMED TO INCLUDE AN ORIGINAL SIGNATURE.

YOU MUST VOTE ALL OF YOUR CLAIMS WITHIN CLASS 5 UNDER THE PLAN EITHER TO ACCEPT OR REJECT THE PLAN. A BALLOT THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN

ARTICLE X.E.1 OF THE PLAN TO THE EXTENT YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

Any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Order Approving the Disclosure Statement may view such documents at http://dm.epiq11.com/heritagepower.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIAL, INCLUDING THE PLAN, PLEASE CONTACT EPIQ THROUGH EMAIL AT HERITAGEPOWERINFO@EPIQGLOBAL.COM OR BY CALLING EPIQ AT (888) 296-8501 (TOLL-FREE NUMBER WITHIN THE U.S./CANADA) OR +1 (503) 461-1847 (NON-U.S./CANADA).

*Please Note:* This Ballot shall not constitute or be deemed a proof of claim or equity interest.

# **Exhibit B: Non-Voting Status Notice**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** [1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**NOTICE OF NON-VOTING STATUS**

**PLEASE TAKE NOTICE THAT** on January 24, 2023 (the "Petition Date"), Heritage Power, LLC and its affiliated debtors, in the above-captioned Chapter 11 Cases (the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on [●], 2023, the Bankruptcy Court entered an order [Dkt. No. [●]] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 376] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"); (b) approving the *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 452] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving notices for the assumption and rejection executory contracts and unexpired leases and procedures related thereto and (f) scheduling certain dates with respect thereto.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431); and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

the terms of the Plan, either (a) as a holder of a Claim (as currently asserted against the Debtors) that is Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan or (b) as a holder of a Claim (as currently asserted against the Debtors) that is presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **October 4, 2023, at 2:00 p.m., prevailing Central Time**, before the Honorable Christopher M. Lopez, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 401, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** you may participate in the Confirmation Hearing either in person or by an audio and video connection. Audio communication will be by use of the Bankruptcy Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.

**PLEASE BE ADVISED: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON PARTIES ENTITLED TO NOTICE.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan, including with regard to the treatment of Executory Contracts and Unexpired Leases thereunder, is **September 25, 2023, at 4:00 p.m. Central Time** (the "Objection Deadline"). Any objections to the relief sought at the Confirmation Hearing must be: (i) in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (iii) state, with specificity, the legal and factual bases thereof, and, if practicable, a proposed modification to the Disclosure Statement or Plan (or related materials) that would resolve such objection; and (iv) be filed with the Bankruptcy Court on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT**, if you wish to challenge the allowance or classification of your Claim for voting purposes in accordance with the Solicitation Procedures, then **on or before September 13, 2023** (the "Temporary Allowance Deadline"), you must file a motion (a "Motion for Temporary Allowance"), pursuant to Bankruptcy Rule 3018(a) requesting that the Bankruptcy Court temporarily allow your Claim in a different amount or with a different classification for purposes of voting to accept or reject the Plan. Unless and until a Claim is temporarily allowed in a different amount or

with a different classification for purposes of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court entered prior to the Voting Deadline after notice and a hearing, any Ballot submitted by a holder of a Claim shall be counted in accordance with the Solicitation Procedures without regard to the amount sought to be allowed or the classification sought to be applied in any Motion for Temporary Allowance.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the packet of materials you have received, please contact Epiq, the Debtors' solicitation and Solicitation Agent (the "Solicitation Agent"), (888) 296-8501 (domestic toll free) or +1 (503) 461-1847 (International). Additional copies of the Disclosure Statement, the Plan, and any other publicly filed documents in the Chapter 11 Cases are available upon written request to the Solicitation Agent at the following address:

| By Regular, Hand Delivery, or Overnight Mail: | By Email: |
|---|---|
| **If by First-Class Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>P.O. Box 4422<br>Beaverton, OR 97076-4422<br><br>**If by Hand Delivery or Overnight Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 | HeritagePowerInfo@epiqglobal.com |

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, the Disclosure Statement, and any other publicly filed documents are also available by downloading the exhibits and documents from the website of the Debtors' Solicitation Agent at http://dm.epiq11.com/heritagepower (free of charge) or the Bankruptcy Court's website at https://ecf.txsb.uscourts.gov (for a fee). Please be advised that Epiq cannot provide legal or financial advice.

**ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE X.E.2 CONTAINS A THIRD-PARTY RELEASE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE X.E.2 OF THE PLAN USING THE ENCLOSED OPT-OUT FORM OR BY FILING AN OBJECTION TO THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE X.E.2 OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E.1 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

Dated: _______ ____, 2023

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: kelli.norfleet@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email: kourtney.lyda@haynesboone.com
Email: david.trausch@haynesboone.com

Kenric D. Kattner (TX Bar No. 11108400)
David L. Staab (TX Bar No. 24093194)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York. NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: kenric.kattner@haynesboone.com
Email: david.staab@haynesboone.com

**Counsel for the Debtors**

**OPTIONAL: RELEASE OPT-OUT FORM**

You are receiving this opt-out form (the "Opt-Out Form") because you are a holder of a Claim that is not entitled to vote on the *Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt No. 376] (as may be amended, supplemented or modified from time to time and including all exhibits and supplements thereto, the "Plan"). To the extent the Plan is confirmed, holders of Claims are deemed to grant the third-party release (the "Third-Party Release") set forth in the Plan and reproduced in this notice unless a holder affirmatively opts out of the releases by completing and returning this form in accordance with the directions herein **on or before 4:00 p.m. Central Time on September 29, 2023** (the "Opt-Out Deadline") or files an objection to the Third-Party Release with the Bankruptcy Court **on or before 4:00 p.m. Central Time on September 29, 2023** (the "Objection Deadline").

If you believe you are a holder of a Claim with respect to the Debtors and choose to opt out of the Third-Party Release set forth in Article X.E of the Plan, please promptly complete, sign, and date this Opt-Out Form and return it via first class mail, overnight courier, the Solicitation Agent's online E-Opt Out Portal, or hand delivery to Epiq (the "Solicitation Agent") at the address set forth below. Holders are strongly encouraged to submit their Opt-Out Form through the Solicitation Agent's online E-Opt Out Portal. Parties that submit their Opt-Out Form using the E-Opt Out Portal should NOT also submit a paper Opt-Out Form.

**THIS OPT-OUT FORM MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE OPT-OUT DEADLINE. IF THE OPT-OUT FORM IS RECEIVED AFTER THE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1. Important information regarding the third-party release.** Article X.E of the Plan contains the following third-party release.

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS, AND IS DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH RELEASING PARTY, THEIR ESTATES, AND THE REORGANIZED DEBTORS IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR**

**COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE DEBTORS' RESTRUCTURING EFFORTS, THE FILING OF THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTION BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DEFINITIVE DOCUMENTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS OR THE RESTRUCTURING TRANSACTIONS (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE PURSUIT OF CONSUMMATION OF THE RESTRUCTURING TRANSACTIONS OR ANY OTHER TRANSACTION RELATED THERETO, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, AND ANY AND ALL OTHER PAYMENTS MADE, INVESTMENTS UNDERTAKEN, OR VALUE TRANSFERS OF ANY KIND, IN EACH CASE THAT FLOWED FROM THE DEBTOR TO ANY RELEASED PARTY, THE SHAWVILLE LEASE DOCUMENTS, SHAWVILLE TRANSACTION, CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS, THE GENON PARTICIPATION, THE NEW CASTLE HRCO AND THE NEW CASTLE HRCO AMENDMENT, MANAGEMENT SERVICES AGREEMENT, THE O&M AGREEMENT, THE SPONSOR EMA REIMBURSEMENT AGREEMENT, THE TRANSITION SERVICES AGREEMENT AND THE NEW CASTLE CONTRIBUTION AGREEMENT AND ANY TRANSACTIONS RELATED THERETO, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, PROVIDED THAT, NOTWITHSTANDING THE FOREGOING OR ANY OTHER PROVISION HEREOF, THE CONSENTING CREDITOR PRESERVED CLAIMS AND THE SPONSOR PRESERVED CLAIMS ARE EXPRESSLY PRESERVED AND NOT RELEASED OR IN ANY WAY AFFECTED OR PREJUDICED HEREBY. FOR THE AVOIDANCE OF DOUBT AND**

**WITHOUT LIMITING THE SCOPE OF THE FOREGOING, THE RELEASED CLAIMS SHALL INCLUDE ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER THAT ARISE FROM OR RELATE TO, IN WHOLE OR IN PART, ANY CLAIM TO CHARACTERIZE ANY OF THE SHAWVILLE LEASES AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY OR THE SHAWVILLE LEASE DOCUMENTS AND ANY TRANSACTION RELATED THERETO AS ANYTHING OTHER THAN A TRUE SALE TRANSACTION AND A TRUE LEASE TRANSACTION, AND ANY CLAIM BY ANY PARTY TO CHARACTERIZE ANY SHAWVILLE LEASE AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY AT ANY TIME INCLUDING IN ANY FUTURE BANKRUPTCY OR ANY OTHER CONTEXT, AND ANY OTHER CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES THAT ARE INCONSISTENT WITH THE STATEMENT BELOW:**

> **THE SHAWVILLE LEASES ARE TRUE LEASES AND DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, AGREE NOT TO COMMENCE OR CONTINUE ANY CLAIM OR CAUSE OF ACTION, OR OTHERWISE TAKE ANY POSITION IN ANY JUDICIAL PROCEEDING, ADMINISTRATIVE PROCEEDING, OR OTHER PROCEEDING, THE BANKRUPTCY COURT, IN ANY FEDERAL OR STATE COURT, OR IN ANY OTHER COURT, ARBITRATION PROCEEDING, ADMINISTRATIVE AGENCY, OR OTHER FORUM IN THE UNITED STATES OR ELSEWHERE, IN EACH CASE THAT IS IN ANY WAY INCONSISTENT WITH THE POSITION THAT EACH SHAWVILLE LEASE IS A TRUE LEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE EXIT FACILITY, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASES ARE: (A) CONSENSUAL; (B) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (C) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (D) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASES; (E) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (F) FAIR, EQUITABLE, AND REASONABLE; (G) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING;**

**AND (H) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASES.**

Under the Plan, "**RELEASED PARTIES**" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each Backstop Party; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before the confirmation of the Plan.

Under the Plan, ***"*RELEASING PARTIES*"*** means, collectively, and in each case in its capacity as such, (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each holder of a Claim or Interest (1) that votes to accept the Plan, (2) whose vote to accept or reject the Plan is solicited but that does not vote either to accept or to reject the Plan and does not timely elect to opt out of granting the releases set forth herein, (3) that votes, or is deemed, to reject the Plan but does not timely elect to opt out of granting the releases set forth herein, or (4) whose vote to accept or reject the Plan is not solicited and that does not timely elect to opt out of granting the releases set forth herein; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Releasing Party if it: (x) timely elects to opt out of granting the releases contained in the Plan, including through any Ballot or notice of non-voting status; or (y) timely files with the Bankruptcy Court an objection to the releases contained herein that is not resolved before the confirmation of the Plan.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

**AS A HOLDER OF A CLAIM AGAINST THE DEBTORS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN ARTICLE X.E OF THE PLAN (REPRODUCED ABOVE) AND EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENT TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES.**

**YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE X.E.2 OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE OPT-OUT DEADLINE. YOU MAY ALSO VALIDLY OPT OUT OF THE RELEASES BY FILING A TIMELY OBJECTION TO THE RELEASES CONTAINED IN THE PLAN AND HAVING SUCH OBJECTION RESOLVED BY AGREEMENT OF THE DEBTORS OR AN ORDER OF THE BANKRUPTCY COURT. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE X.E.2 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE X.E.1 OF THE PLAN TO THE EXTENT YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH. YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE X.E.2 OF THE PLAN. OPTIONAL RELEASE ELECTION. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE X.E.2 OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

| |
|---|
| **The Undersigned holder of the Claim elects to OPT OUT of the Third-Party Release contained in Article X.E.2 of the Plan.**<br><br>☐ |

*[Remainder of Page Intentionally Left Blank]*



4865-9575-1799

**Item 2. Certification.**

By signing this Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. as of the Voting Record Date, either: (i) the Entity is the holder of a Claim; or(ii) the Entity is an authorized signatory for the Entity that is a holder of a Claim;

b. the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Notice of Non-Voting Status and that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c. the Entity has submitted the same respective election concerning the releases with respect to all Claims in a single Class; and

d. no other Opt-Out Form has been submitted or, if any other Opt-Out Forms have been submitted with respect to such Claims, then any such earlier Opt-Out Forms are hereby revoked.

| | |
|---|---|
| Name of holder: | ____________________ (Print or Type) |
| Signature: | ____________________ |
| Name of Signatory: | ____________________ (If other than holder) |
| Title: | ____________________ |
| Address: | ____________________ |
| Telephone: | ____________________ |
| Email: | ____________________ |
| Date Completed: | ____________________ |

**IF YOU HAVE MADE THE OPTIONAL OPT-OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW:**

| |
|---|
| By Regular, Hand Delivery, or Overnight Mail:<br><br>**If by First-Class Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>P.O. Box 4422<br>Beaverton, OR 97076-4422<br><br>**If by Hand Delivery or Overnight Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |
| By electronic, online submission:<br><br>Submit your Opt-Out Form via the Solicitation Agent's online portal, by visiting the case website, https://dm.epiq11.com/heritagepower, and selecting the E-Opt Out Portal (the "E-Opt Out Portal"). After entering your Unique E-Opt Out ID# as provided below, click "Submit" and follow the instructions to submit your Opt-Out Form.<br><br>**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-Out Form:**<br><br>**Unique E-Opt Out ID#: ____________________**<br><br>The E-Opt Out Portal is the sole manner in which Opt-Out Forms will be accepted via electronic or online transmission. Opt-Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.<br><br>Each E-Opt Out ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Opt-Out Form. Please complete and submit an electronic Opt-Out Form for each E-Opt Out ID# you receive, as applicable. |

**THE OPT-OUT DEADLINE IS SEPTEMBER 25, 2023, at 4:00 P.M. CENTRAL TIME. THE SOLICITATION AGENT MUST *ACTUALLY RECEIVE* YOUR OPT-OUT ELECTION ON OR BEFORE THE OPT-OUT DEADLINE.**

**Exhibit C: Solicitation Procedures**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**SOLICITATION PROCEDURES**

**PLEASE TAKE NOTICE THAT** on January 24, 2023 (the "Petition Date"), Heritage Power, LLC and its affiliated debtors, in the above-captioned Chapter 11 Cases (the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on ____________, 2023, the Bankruptcy Court entered an order [Dkt. No. [●]] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 376] (as may be amended, supplemented, or otherwise modified from time to time , the "Plan"); (b) approving the *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 452] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.[1]

### A. Voting Record Date.

The voting record date is **August 22, 2023**, which is the date for determining which holders of Claims in Classes 3 and 5 are entitled to vote on the Plan (the "Voting Record Date").

### B. Voting Deadline.

The deadline for voting on the Plan is **September 25, 2023, at 4:00 p.m. Central Time** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you ***must***: (a) (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is ***actually received*** by the Debtors' solicitation

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

and Solicitation Agent, Epiq (the "Solicitation Agent"), on or before the Voting Deadline. ***A failure to follow such instructions may disqualify your vote***.

**C. Form, Content, and Manner of Notices.**

**1. The Solicitation Package.**

The following materials shall constitute the solicitation package (the "Solicitation Package"):

i. the Disclosure Statement Order (without exhibits, except as set forth below), as entered by the Bankruptcy Court;

ii. the approved Disclosure Statement (and exhibits thereto, including the Plan);

iii. the applicable form of Ballot, together with detailed voting instructions with respect thereto, in substantially the form of the Ballots attached as **Exhibits A-1 to A-2** to the Disclosure Statement Order, and a pre-addressed, postage prepaid return envelope (as applicable);

iv. a copy of these Solicitation Procedures;

v. the *Notice of Hearing to Consider Confirmation of Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines*, in substantially the form attached as **Exhibit D** to the Disclosure Statement Order (the "Confirmation Hearing Notice").

**2. Distribution of the Solicitation Package.**

The Debtors may cause the Plan, the Disclosure Statement, and the Disclosure Statement Order to be provided in electronic format. The Ballots, the Solicitation Procedures, and the Confirmation Hearing Notice will be provided in paper format. The Solicitation Agent will mail the Solicitation Packages no later than the Solicitation Deadline to holders of Claims in the Voting Classes.

**3. Non-Voting Status Notices for Unimpaired Classes.**

Certain holders of Claims are not entitled to vote on the Plan as they have been conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or they have been conclusively presumed to have rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code. As a result, such holders will ***not*** receive Solicitation Packages. Instead, such holders will receive only the *Notice of Non-Voting Status*, substantially in the form attached to the Disclosure Statement Order as **Exhibit B** (the "Non-Voting Status Notice").

Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other

exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent free of charge and/or the Bankruptcy Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article X of the Plan, and the opportunity to opt out of the releases by checking a box; (c) notice of the Objection Deadline; (d) notice of the Confirmation Hearing date; and (e) information related thereto.

**D. Voting and Tabulation Procedures.**

The Solicitation Agent shall count all Ballots submitted, in accordance with the procedures set forth herein, on account of: (a) Claims listed in the Schedules, that are not listed as contingent, unliquidated or disputed and are listed in an amount in excess of $0.00; and/or (b) Proofs of Claim filed by the Bar Date that are not asserted as contingent or unliquidated and are asserted in an amount in excess of $0.00. If no Claim is listed in the Schedules and no Proof of Claim is filed by the earlier of the applicable Bar Date or Voting Record Date, such creditor shall not be entitled to vote on the Plan on account of such Claim. Further, the Solicitation Agent shall not count any votes on account of Claims that are subject to an objection which has been filed (and such objection is still pending), unless and to the extent the Bankruptcy Court has overruled such objection by the Voting Record Date, or such Claim is temporarily Allowed for voting by the Voting Deadline.

A Ballot will be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria as set forth below (the "Voting and Tabulation Procedures"):

a. if a Claim is deemed Allowed under the Plan, an order of the Bankruptcy Court, or a stipulated agreement between the parties, such Claim will be temporarily Allowed solely for voting purposes in the deemed Allowed amount set forth therein;

b. unless otherwise provided in these Voting and Tabulation Procedures, a Claim will be deemed temporarily Allowed for voting purposes only in an amount equal to (i) the undisputed, non-contingent, and liquidated amount greater than $0.00 amount of such Claim as set forth in the Schedules if no Proof of Claim has been timely filed in respect of such Claim, or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the undisputed, non-contingent and liquidated amount that is greater than $0.00 amount set forth in such Proof of Claim;

c. if a Claim, for which no Proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated, disputed, or in a $0.00 amount, such Claim shall be disallowed for voting purposes;

d. if the Debtors have served an objection or request for estimation as to a Claim at least ten (10) calendar days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection or as otherwise agreed with the Debtors;

e. if a Claim is not listed in the Schedules (or is listed in the schedules as disputed, contingent or unliquidated) and a Proof of Claim is filed after the

earlier of the applicable Bar Date or Voting Record Date, a Ballot on account of such Claim shall not be counted unless it is temporarily Allowed for voting purposes by the Voting;

f. notwithstanding anything to the contrary herein, any Claim to which there is a pending objection as of the Voting Deadline, or an order has been entered granting such objection, such Claim shall not be counted for voting purposes;

g. if a holder of a Claim identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting and Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the amount determined by the Voting and Tabulation Procedures;

h. if a creditor has filed or purchased duplicate Proofs of Claim by the Voting Record Date against one or more Debtors, such creditor's Ballot on account of such Claim shall only be counted once for the Debtor at which the creditor's Claim is pending for voting purposes unless the Debtors determine there is a Claim pending against multiple Debtors;

i. any duplicate Ballot will only be counted once; thus, if a creditor casts more than one Ballot voting the same Claim on or before the Voting Deadline, the last properly cast Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and shall supersede any prior Ballots;

j. if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the earlier of the applicable Bar Date or the Voting Record Date, the later-filed amending Claim shall be entitled to vote in a manner consistent with these Voting and Tabulation Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Absent the Debtors' consent, any amendments to Proofs of Claim after the earlier of the applicable Bar Date or the Voting Record Date shall not be considered for purposes of these Voting and Tabulation Procedures;

k. a creditor who votes an amount related to a Claim that has been paid or otherwise satisfied in full or in part shall only be counted for the amount that remains unpaid or not satisfied, and if such Claim has been fully paid or otherwise satisfied, such vote will not be counted for purposes of amount or number;

l. if a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder of a Claim, such person will be required to indicate such capacity when signing and must submit proper evidence satisfactory to the Debtors, to so act on behalf of the holder of such Claim;

m. a creditor who holds Claims in both Classes 3 and 5 against more than one Debtor will vote on a straight ticket basis on a single Ballot, and such vote

shall be counted with respect to each such Debtor, but consistently with respect to each Class and Debtor;

n. each holder of a Claim will be deemed to have voted the full amount of its Claim as set forth on the Ballot even if a different amount or no amount is listed by the holder of the Claim on the Ballot;

o. any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors;

p. any Ballot that is illegible or contains insufficient information to permit identification of the voter will not be counted;

q. any Ballot that is otherwise timely completed, executed, and properly cast to the Solicitation Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted;

r. any Ballot submitted by a Person that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted;

s. an original, executed Ballot is required to be submitted by the entity submitting any written Ballot. Any unsigned Ballot or Ballot without an original signature will not be counted; provided, however, a Ballot submitted via the Solicitation Agent E-Ballot Portal will be deemed to contain an original signature;

t. delivery of a Ballot by facsimile, telecopy, or any other electronic means shall not be counted; provided, however, that Ballots submitted through the E-Ballot Portal, mentioned above, will be counted. The method of delivery of Ballots to the Solicitation Agent is at the risk of each holder of a Claim, and such delivery will be deemed made only when the Ballot is actually received by the Solicitation Agent;

u. any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote and/or submit a new Ballot with either (i) consent of the Debtors at any time prior to the Confirmation Hearing, or (ii) solely in accordance with Bankruptcy Rule 3018(a); *provided that*, if the Restructuring Support Agreement terminates with respect to any party in accordance with its terms, any and all consents or ballots tendered by such party prior to the date of such termination shall be deemed null and void;

v. the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Solicitation Agent. Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification;

w. for purposes of determining whether the numerosity and amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline in accordance with the Voting and Tabulation Procedures, unless untimeliness or non-compliance with such procedures is waived by the Debtors;

x. for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class at a particular Debtor shall be aggregated as if such creditor held one (1) Claim against such Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Additionally, separate Claims held by a single creditor in a particular Class at multiple Debtors shall not be aggregated, and the votes related to such Claims shall be tabulated at each of the Debtors to which the Claims relate in accordance with the Voting and Tabulation Procedures;

y. notwithstanding anything to the contrary herein, solely with respect to tabulating Term Loan Claims and Revolving Loan Claims for voting purposes, the Debtors shall be authorized to use the official claims register for such claims maintained by the Administrative Agent with respect to the amount, as of the Petition Date, that the Debtors owe with respect to each Loan Claim under the Credit Agreement; and

z. notwithstanding anything to the contrary herein and notwithstanding any timely filed Proof of Claim, solely with respect to tabulating votes in Class 3 and Class 5, Creditors shall not be entitled to vote on account of a Claim for a letter of credit that is undrawn as of the Voting Deadline; p*rovided, however*, notwithstanding the Proof of Claim filed by Macquarie Bank Limited, Macquarie Bank Limited and the Debtors have agreed that to the extent Macquarie Bank Limited votes on the plan, such vote will only be counted as one for numerosity and zero for amount on account of its Proof of Claim with respect to any letters of credit that are undrawn as of the Voting Deadline.

If no votes to accept or reject the Plan are received with respect to a particular Class of Claims for which holders of such Claims are entitled to vote on the Plan with respect to such Claims and at least one such holder holds an Allowed Claim with respect to such Claims, such Class shall be deemed to have voted to accept the Plan.

Any Class of Claims or Interests that do not have a holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

Upon completion of the balloting, the Solicitation Agent shall certify the amount and number of Allowed Claims of the Voting Classes voting to accept or reject the Plan in a voting report (the "Voting Report"). The Debtors shall file the Voting Report with the Bankruptcy Court on or before **October 2,**

**2023**.

### E. Procedures for Temporary Allowance of Claims.

If any holder of a Claim seeks to challenge the allowance or classification of its Claim for voting purposes in accordance with the Solicitation Procedures, then **on or before September 13, 2023** (the "Temporary Allowance Deadline"), such holder must file a motion (a "Motion for Temporary Allowance"), pursuant to Bankruptcy Rule 3018(a) requesting that the Bankruptcy Court temporarily allow its Claim in a different amount or with a different classification for purposes of voting to accept or reject the Plan. Unless and until a Claim is temporarily allowed in a different amount or with a different classification for purposes of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court entered prior to the Voting Deadline after notice and a hearing, any Ballot submitted by a holder of a Claim shall be counted in accordance with the Solicitation Procedures without regard to the amount sought to be allowed or the classification sought to be applied in any Motion for Temporary Allowance.

### F. The Plan Supplement

The Debtors shall file the Plan Supplement on or before **September 20, 2023**. The Plan defines "Plan Supplement" to mean "the compilation of certain documents and forms of documents, schedules, and exhibits to the Plan (as may be altered, amended, modified, or supplemented from time to time in accordance with the terms of the Plan and the Restructuring Support Agreement and in accordance with the Bankruptcy Code and the Bankruptcy Rules) that will be filed, in one or more filings, by the Debtors with the Bankruptcy Court five days prior to the Voting Deadline, including the following, as applicable: (a) Exit Facility Documents or the Exit Facility Term Sheet, (b) Retained Causes of Action Schedule, (c) Rejection Schedule, and (d) the identity and affiliations of the Persons proposed to serve on the New Board to the extent known."

Any party wishing to view the Plan Supplement may view such documents at http://dm.epiq11.com/heritagepower. The Debtors shall have the right to amend the documents and agreements contained in, and exhibits to, the Plan Supplement through the Effective Date or otherwise pursuant to their respective terms.

### G. Amendments to the Plan and Solicitation Procedures.

The Debtors reserves the right to make non-substantive or immaterial changes to the Disclosure Statement, the Plan (including the Plan Supplement), the Ballots, the Confirmation Hearing Notice, the Exit Facility Participation Procedures, and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package.

**Exhibit D: Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,**[1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| **Debtors** | ) | |
| | ) | **Jointly Administered** |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on January 24, 2023 (the "Petition Date"), Heritage Power, LLC and its affiliated debtors, in the above-captioned Chapter 11 Cases (the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on ___________, 2023, the Bankruptcy Court entered an order [Dkt. No. [●]] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 376] (as may be amended, supplemented, or otherwise modified from time to time , the "Plan"); (b) approving the *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 452] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431); and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **October 4, 2023, at 2:00 p.m., prevailing Central Time**, before the Honorable Judge Christopher M. Lopez, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 401, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** you may participate in the Confirmation Hearing either in person or by an audio and video connection. Audio communication will be by use of the Bankruptcy Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.

**PLEASE BE ADVISED: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON PARTIES ENTITLED TO NOTICE.**

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date.** The voting record date is **August 22, 2023**, which is the date for determining which holders of Claims in Classes 3 and 5 are entitled to vote on the Plan (the "Voting Record Date").

**Voting Deadline**. The deadline for voting on the Plan is **September 25, 2023, at 4:00 p.m. Central Time** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is ***actually received*** by the Debtors' solicitation and Solicitation Agent, Epiq (the "Solicitation Agent"), on or before the Voting Deadline. ***A failure to follow such instructions may disqualify your vote***.

**Temporary Allowance Deadline**. If you wish to challenge the allowance or classification of your Claim for voting purposes in accordance with the Solicitation Procedures, then **on or before September 13, 2023** (the "Temporary Allowance Deadline"), you must file a motion (a "Motion for Temporary Allowance"), pursuant to Bankruptcy Rule 3018(a) requesting that the Bankruptcy Court temporarily allow your Claim in a different amount or with a different classification for purposes of voting to accept or reject the Plan. Unless and until a Claim is temporarily allowed in a different amount or with a different classification for purposes of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court entered prior to the Voting Deadline after notice and a hearing, any Ballot submitted by a holder of a Claim shall be counted in accordance with the Solicitation Procedures without regard to the amount sought to be allowed or the classification sought to be applied in any Motion for Temporary Allowance.

**CRITICAL INFORMATION REGARDING OBJECTING TO THE DISCLOSURE STATEMENT OR PLAN**

**Objection Deadline**. The deadline for filing objections to confirmation of the Plan, including with regard to the treatment of Executory Contracts and Unexpired Leases thereunder, is **September 25, 2023, at 4:00 p.m. Central Time** (the "Objection Deadline"). Any objections to the relief sought at the Confirmation Hearing must be: (i) in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (iii) state, with specificity, the legal and factual bases thereof, and, if practicable, a proposed modification to the Disclosure Statement or Plan (or related materials) that would resolve such objection; and (iv) be filed with the Bankruptcy Court on or before the Objection Deadline.

**ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING A THIRD-PARTY RELEASE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Please be advised that Article X of the Plan contains the following release, exculpation, and injunction provisions:

**RELEASES BY THE DEBTORS.**

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS, AND IS DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE DEBTORS, THEIR ESTATES, AND THE REORGANIZED DEBTORS, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE DEBTORS' RESTRUCTURING EFFORTS, THE FILING OF THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTION BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DEFINITIVE DOCUMENTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT RELEASE, OR**

**OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS OR THE RESTRUCTURING TRANSACTIONS (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE PURSUIT OF CONSUMMATION OF THE RESTRUCTURING TRANSACTIONS OR ANY OTHER TRANSACTION RELATED THERETO, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, AND ANY AND ALL OTHER PAYMENTS MADE, INVESTMENTS UNDERTAKEN, OR VALUE TRANSFERS OF ANY KIND, IN EACH CASE THAT FLOWED FROM THE DEBTOR TO ANY RELEASED PARTY, THE SHAWVILLE LEASE DOCUMENTS CLAIMS, SHAWVILLE TRANSACTION, CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS, THE GENON PARTICIPATION, THE NEW CASTLE HRCO AND THE NEW CASTLE HRCO AMENDMENT, MANAGEMENT SERVICES AGREEMENT, THE O&M AGREEMENT, THE SPONSOR EMA REIMBURSEMENT AGREEMENT, THE TRANSITION SERVICES AGREEMENT AND THE NEW CASTLE CONTRIBUTION AGREEMENT AND ANY TRANSACTIONS RELATED THERETO, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, EACH SOLELY TO THE EXTENT DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION. FOR THE AVOIDANCE OF DOUBT AND WITHOUT LIMITING THE SCOPE OF THE FOREGOING, THE RELEASED CLAIMS SHALL INCLUDE ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER THAT ARISE FROM OR RELATE TO, IN WHOLE OR IN PART, ANY CLAIM TO CHARACTERIZE ANY OF THE SHAWVILLE LEASES AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY OR THE SHAWVILLE LEASE DOCUMENTS AND ANY TRANSACTION RELATED THERETO AS ANYTHING OTHER THAN A TRUE SALE TRANSACTION AND A TRUE LEASE TRANSACTION, AND ANY CLAIM BY ANY PARTY TO CHARACTERIZE ANY SHAWVILLE LEASE AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY AT ANY TIME INCLUDING IN ANY FUTURE BANKRUPTCY OR ANY OTHER CONTEXT, AND ANY OTHER CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION,**

**REMEDIES, AND LIABILITIES THAT ARE INCONSISTENT WITH THE STATEMENT BELOW:**

> **THE SHAWVILLE LEASES ARE TRUE LEASES AND THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, AGREE NOT TO COMMENCE OR CONTINUE ANY CLAIM OR CAUSE OF ACTION, OR OTHERWISE TAKE ANY POSITION IN ANY JUDICIAL PROCEEDING, ADMINISTRATIVE PROCEEDING, OR OTHER PROCEEDING, THE BANKRUPTCY COURT, IN ANY FEDERAL OR STATE COURT, OR IN ANY OTHER COURT, ARBITRATION PROCEEDING, ADMINISTRATIVE AGENCY, OR OTHER FORUM IN THE UNITED STATES OR ELSEWHERE, IN EACH CASE THAT IS IN ANY WAY INCONSISTENT WITH THE POSITION THAT EACH SHAWVILLE LEASE IS A TRUE LEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE EXIT FACILITY, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTORS' RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTORS' RELEASE IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE RESTRUCTURING TRANSACTIONS AND IMPLEMENTING THE PLAN; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS' RELEASE; (C) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS OR INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO ANY OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THE DEBTORS' ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTORS' RELEASE.**

**<u>RELEASES BY HOLDERS OF CLAIMS.</u>**

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, ON AND AFTER THE EFFECTIVE DATE, EACH RELEASED PARTY IS, AND IS DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY EACH**



4865-9575-1799

**RELEASING PARTY, THEIR ESTATES, AND THE REORGANIZED DEBTORS IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, OR THE REORGANIZED DEBTORS THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THEIR CAPITAL STRUCTURE, THE DEBTORS' RESTRUCTURING EFFORTS, THE FILING OF THE CHAPTER 11 CASES, ANY INTERCOMPANY TRANSACTION BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DEFINITIVE DOCUMENTS, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS OR THE RESTRUCTURING TRANSACTIONS (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION), THE PURSUIT OF CONSUMMATION OF THE RESTRUCTURING TRANSACTIONS OR ANY OTHER TRANSACTION RELATED THERETO, THE ADMINISTRATION AND IMPLEMENTATION OF THE RESTRUCTURING TRANSACTIONS, ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE ASSERTION OR ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE DEBTORS, AND ANY AND ALL OTHER PAYMENTS MADE, INVESTMENTS UNDERTAKEN, OR VALUE TRANSFERS OF ANY KIND, IN EACH CASE THAT FLOWED FROM THE DEBTOR TO ANY RELEASED PARTY, THE SHAWVILLE LEASE DOCUMENTS, SHAWVILLE TRANSACTION, CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS, THE GENON PARTICIPATION, THE NEW CASTLE HRCO AND THE NEW CASTLE HRCO AMENDMENT, MANAGEMENT SERVICES AGREEMENT, THE O&M AGREEMENT, THE SPONSOR EMA REIMBURSEMENT AGREEMENT, THE TRANSITION SERVICES AGREEMENT AND THE NEW CASTLE CONTRIBUTION AGREEMENT AND ANY TRANSACTIONS RELATED THERETO, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED OR RELATING TO ANY OF THE FOREGOING TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A**

**RELEASED PARTY THAT CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, EACH SOLELY TO THE EXTENT AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, PROVIDED THAT, NOTWITHSTANDING THE FOREGOING OR ANY OTHER PROVISION HEREOF, THE CONSENTING CREDITOR PRESERVED CLAIMS AND THE SPONSOR PRESERVED CLAIMS ARE EXPRESSLY PRESERVED AND NOT RELEASED OR IN ANY WAY AFFECTED OR PREJUDICED HEREBY. FOR THE AVOIDANCE OF DOUBT AND WITHOUT LIMITING THE SCOPE OF THE FOREGOING, THE RELEASED CLAIMS SHALL INCLUDE ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER THAT ARISE FROM OR RELATE TO, IN WHOLE OR IN PART, ANY CLAIM TO CHARACTERIZE ANY OF THE SHAWVILLE LEASES AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY OR THE SHAWVILLE LEASE DOCUMENTS AND ANY TRANSACTION RELATED THERETO AS ANYTHING OTHER THAN A TRUE SALE TRANSACTION AND A TRUE LEASE TRANSACTION, AND ANY CLAIM BY ANY PARTY TO CHARACTERIZE ANY SHAWVILLE LEASE AS ANYTHING OTHER THAN A TRUE LEASE OF REAL PROPERTY AT ANY TIME INCLUDING IN ANY FUTURE BANKRUPTCY OR ANY OTHER CONTEXT, AND ANY OTHER CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES THAT ARE INCONSISTENT WITH THE STATEMENT BELOW:**

> **THE SHAWVILLE LEASES ARE TRUE LEASES AND DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, AGREE NOT TO COMMENCE OR CONTINUE ANY CLAIM OR CAUSE OF ACTION, OR OTHERWISE TAKE ANY POSITION IN ANY JUDICIAL PROCEEDING, ADMINISTRATIVE PROCEEDING, OR OTHER PROCEEDING, THE BANKRUPTCY COURT, IN ANY FEDERAL OR STATE COURT, OR IN ANY OTHER COURT, ARBITRATION PROCEEDING, ADMINISTRATIVE AGENCY, OR OTHER FORUM IN THE UNITED STATES OR ELSEWHERE, IN EACH CASE THAT IS IN ANY WAY INCONSISTENT WITH THE POSITION THAT EACH SHAWVILLE LEASE IS A TRUE LEASE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE EXIT FACILITY, OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD-PARTY RELEASES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASES ARE: (A)**

**CONSENSUAL; (B) ESSENTIAL TO THE CONFIRMATION OF THE PLAN; (C) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (D) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASES; (E) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES; (F) FAIR, EQUITABLE, AND REASONABLE; (G) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (H) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASES.**

Under the Plan, "**RELEASED PARTIES**" means, collectively, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each Backstop Party; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases contained in the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in the Plan that is not resolved before the confirmation of the Plan.

Under the Plan, ***"*RELEASING PARTIES*"*** means, collectively, and in each case in its capacity as such, (a) each Debtor; (b) each Reorganized Debtor; (c) each Agent; (d) each of the Consenting Creditors; (e) each holder of a First Lien Claim; (f) GenOn; (g) Financial Sponsor; (h) each holder of a Claim or Interest (1) that votes to accept the Plan, (2) whose vote to accept or reject the Plan is solicited but that does not vote either to accept or to reject the Plan and does not timely elect to opt out of granting the releases set forth herein, (3) that votes, or is deemed, to reject the Plan but does not timely elect to opt out of granting the releases set forth herein, or (4) whose vote to accept or reject the Plan is not solicited and that does not timely elect to opt out of granting the releases set forth herein; (i) each current and former Affiliate of each Entity in clause (a) through the following clause (j); and (j) each Related Party of each Entity in clause (a) through this clause (j); provided that in each case, an Entity shall not be a Releasing Party if it: (x) timely elects to opt out of granting the releases contained in the Plan, including through any Ballot or notice of non-voting status; or (y) timely files with the Bankruptcy Court an objection to the releases contained herein that is not resolved before the confirmation of the Plan.

**EXCULPATION**

**EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM, ANY LIABILITY FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO OR ARISING OUT OF THE DEBTORS' CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR EXECUTION OF THE RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE RESTRUCTURING TRANSACTIONS OR ANY TRANSACTION, CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR**

**ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OF SECURITIES PURSUANT TO THE PLAN, THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, EXCEPT FOR CLAIMS RELATED TO ANY ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; IN ALL RESPECTS THE EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES. THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN SHALL BE DEEMED TO HAVE, PARTICIPATED IN THE SOLICITATION OF VOTES AND DISTRIBUTIONS PURSUANT TO THE PLAN IN GOOD FAITH AND IN COMPLIANCE WITH APPLICABLE LAWS AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH ACTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR DISTRIBUTIONS MADE PURSUANT TO THE PLAN.**

Under the Plan, "Exculpated Parties" means, to the maximum extent permitted by law, each Debtor in its capacity as such.

**INJUNCTION**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS OR CAUSES OF ACTION THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION UNDER THE PLAN ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH ANY SUCH CLAIMS OR INTERESTS OR CAUSES OF ACTION; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH ANY SUCH CLAIMS OR INTERESTS OR CAUSES OF ACTION; (C) CREATING, PERFECTING, OR ENFORCING AN ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THEIR PROPERTIES ON ACCOUNT OF OR IN CONNECTION WITH SUCH CLAIMS OR INTERESTS OR CAUSES OF ACTION; (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH SUCH CLAIMS OR INTERESTS OR CAUSES OF ACTION UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, NOTWITHSTANDING AN INDICATION IN ANY PROOF OF CLAIM OR**

**OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE THE RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (E) COMMENCING OR CONTINUING ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH SUCH CLAIMS OR INTERESTS OR CAUSES OF ACTION.**

## ADDITIONAL INFORMATION

**Inquiries**. If you have any questions about the packet of materials you have received, please contact the Debtors' Solicitation Agent at HeritagePowerInfo@epiqglobal.com or by telephone at (888) 296-8501 (domestic toll free) or +1 (503) 461-1847 (International). Additional copies of this Disclosure Statement, the Plan, and any other publicly filed documents in the Chapter 11 Cases are available upon written request to the Solicitation Agent at the following address:

**If by First-Class Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
P.O. Box 4422
Beaverton, OR 97076-4422

**If by Hand Delivery or Overnight Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
10300 SW Allen Blvd.
Beaverton, OR 97005

**Obtaining Solicitation Materials**. Copies of the Plan, the Disclosure Statement, and any other publicly filed documents are also available by downloading the exhibits and documents from the website of the Debtors' Solicitation Agent at http://dm.epiq11.com/heritagepower (free of charge) or the Bankruptcy Court's website at http://ecf.txsb.uscourts.gov (for a fee). Please be advised that Epiq cannot provide legal or financial advice.

**The Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) on or before **September 20, 2023**, and will serve notice on parties in interest on the Master Service List, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement. Any party wishing to view the Plan Supplement may view such documents at http://dm.epiq11.com/heritagepower. The Debtors shall have the right to amend the documents and agreements contained in, and exhibits to, the Plan Supplement through the Effective Date or otherwise pursuant to their respective terms.

**BINDING NATURE OF THE PLAN**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: __________ _____, 2023

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: kelli.norfleet@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email: kourtney.lyda@haynesboone.com
Email: david.trausch@haynesboone.com

Kenric D. Kattner (TX Bar No. 11108400)
David L. Staab (TX Bar No. 24093194)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York. NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: kenric.kattner@haynesboone.com
Email: david.staab@haynesboone.com

**Counsel for the Debtors**

# Exhibit E: Cure Notice

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **HERITAGE POWER, LLC, et al.,** [1] | ) | **Case No. 23-90032 (CML)** |
| | ) | |
| | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**NOTICE OF CURE CLAIMS ASSOCIATED WITH EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN AND RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on January 24, 2023 (the "Petition Date"), Heritage Power, LLC and its affiliated debtors, in the above-captioned Chapter 11 Cases (the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on [●], 2023, the Bankruptcy Court entered an order [Dkt. No. [●]] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit votes on the *Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 376] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"); (b) approving the *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Heritage Power, LLC and its Affiliated Debtors* [Dkt. No. 452] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) scheduling certain dates with respect thereto.[2]

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431); and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **October 4, 2023, at 2:00 p.m., prevailing Central Time**, before Judge Christopher M. Lopez, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 401, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** you may participate in the Confirmation Hearing either in person or by an audio and video connection. Audio communication will be by use of the Bankruptcy Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.

**PLEASE BE ADVISED: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON PARTIES ENTITLED TO NOTICE.**

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed Schedule G to their Schedule of Assets and Liabilities (the "Schedules") in the Chapter 11 Cases for each of the Debtors listing their executory contracts and unexpired leases.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease listed in the Schedules.[3] Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Schedule A attached hereto.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Plan, the Debtors intend to assume all Executory Contracts and Unexpired Leases that are not rejected. The Debtors shall file their Rejection Schedule with the Bankruptcy Court on or before **September 20, 2023**.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s)

[3] Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Debtors' Schedules, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that the Reorganized Debtor has liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserves the right to: (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan up until and including 45 days after the Effective Date; and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

that will be assumed by the Debtors, which amounts are listed in the table on **Schedule A** attached hereto. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified on **Schedule A** attached hereto will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter (unless such Executory Contract or Unexpired Lease is removed from **Schedule A**). In the event of a dispute, however, payment of the cure amount will be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Bankruptcy Court, however, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan, including with regard to the treatment of Executory Contracts and Unexpired Leases thereunder, is **September 25, 2023, at 4:00 p.m. (Prevailing Central Time)** (the "Objection Deadline"). Any objections to the relief sought at the Confirmation Hearing must be: (i) in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (iii) state, with specificity, the legal and factual bases thereof, and, if practicable, a proposed modification to the Disclosure Statement or Plan (or related materials) that would resolve such objection; and (iv) be filed with the Bankruptcy Court on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at a hearing following the Confirmation Hearing (or such other date as fixed by the Bankruptcy Court).

**PLEASE TAKE FURTHER NOTICE THAT ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT FAILS TO OBJECT TIMELY TO THE PROPOSED ASSUMPTION OR CURE CLAIM WILL BE DEEMED TO HAVE ASSENTED TO SUCH ASSUMPTION AND CURE CLAIM.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS' OR REORGANIZED DEBTORS' ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FIELD WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED**

**SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Plan Supplement (once filed), the Disclosure Statement, the Disclosure Statement Order, or related documents, you may (a) access the Debtors' restructuring website at *http://dm.epiq11.com/heritagepower* (free of charge); or (b) write to Epiq, the Debtors' solicitation and Solicitation Agent (the "Solicitation Agent"), at the following address or e-mail address:

| By Regular, Hand Delivery, or Overnight Mail: | By Email: |
|---|---|
| **If by First-Class Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>P.O. Box 4422<br>Beaverton, OR 97076-4422<br><br>**If by Hand Delivery or Overnight Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 | HeritagePowerInfo@epiqglobal.com |

Please be advised that Epiq cannot provide legal or financial advice. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee from the Bankruptcy Court's website at https://ecf.txsb.uscourts.gov.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

Dated: ___________ ___, 2023

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: kelli.norfleet@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email: kourtney.lyda@haynesboone.com
Email: david.trausch@haynesboone.com

Kenric D. Kattner (TX Bar No. 11108400)
David L. Staab (TX Bar No. 24093194)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York. NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: kenric.kattner@haynesboone.com
Email: david.staab@haynesboone.com

**Counsel for the Debtors**

**<u>Schedule A</u>**

**Schedule of Proposed Cure Claims[1]**

[1] The absence of a contract and/or lease on this Schedule A indicates that there is a $0.00 Cure Claim associated with the assumption of such contract or lease.

**Heritage Power, LLC**
Contract Cure Analysis

| Vendor Name | Prepetition AP |
|---|---|
| Jersey Central Power & Light Co | $ 278,734.85 |
| MPW Industrial Water Services Inc | 51,759.67 |
| Duquesne Light Co | 32,391.60 |
| First Energy | 31,706.62 |
| Recycle The World, Inc | 23,932.78 |
| Powerhouse Equipment Engineering | 14,578.57 |
| Everline Compliance LLC | 10,016.13 |
| Ruthrauff Service LLC | 6,383.75 |
| Siemens Large Drives LLC | 446.26 |
| Dear John Toilet & Trailer Rental | 432.35 |
| Ford Office Technologies | 151.55 |
| D Edward Leasing Co Inc | 120.97 |
| PJM Interconnection, L.L.C., PJM Settlement, Inc. | 0 |
| All Other Contract Counterparties (99 Vendors) | - |
| **Total Prepetition AP** | **$ 450,655.10** |

# EXHIBIT F

## Exit Facility Participation Procedures

**Exit Facility Participation Procedures**

**HOLDERS OF FIRST LIEN SECURED CLAIMS SHOULD READ THESE EXIT FACILITY PARTICIPATION PROCEDURES CAREFULLY.**

## I. Introduction

On July 17, 2023, Heritage Power, LLC. (the "Company") and certain of its affiliates, as chapter 11 debtors and debtors in possession (such subsidiaries, together with the Company, the "Debtors"), filed their *Joint Chapter 11 Plan of Heritage Power, LLC and Its Affiliated Debtors* [Dkt. No. 376] (as may be amended, modified, or supplemented in accordance with the terms therein, the "Plan").[1]

As explained in the *Second Amended Disclosure Statement for the Joint Chapter 11 Plan of Heritage Power, LLC and Its Affiliated Debtors*, and all exhibits related thereto [Dkt. No. 452] (as may be amended, modified, or supplemented, the "Disclosure Statement") and pursuant to the Plan, the Debtors are pursuing an exit term loan credit facility on the Effective Date to be provided on the terms and conditions set forth in the Exit Facility Term Sheet (described below), which will be made available to and constitute an obligation of one or more of the Reorganized Debtors or their affiliates, as set forth in the Exit Facility Documents (the "Exit Facility"). These Exit Facility Participation Procedures provide important instructions, deadlines, and related procedures for participation in the Exit Facility.

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **October 4, 2023, at 2:00 p.m., prevailing Central Time**, before Judge Christopher M. Lopez, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 401, Houston, Texas 77002.

**You should review the Disclosure Statement, Plan, these Exit Facility Participation Procedures, and the Exit Facility Term Sheet before you determine whether to participate in the Exit Facility. You may wish to seek legal advice concerning the Plan and your opportunity to participate in the Exit Facility.**

Each holder of an Allowed First Lien Secured Claim as of the Exit Election Record Date is eligible to participate in the Exit Facility (including through designation of an Affiliate, in accordance with these Exit Facility Participation Procedures) (an "Eligible Holder"); provided, that any Eligible Holder that in fact commits to fund the Exit Facility or its designated Affiliate that in fact commits to fund the Exit Facility must satisfy the requirements set forth in these Exit Facility Participation Procedures, including the requirements set forth in article V.A of these Exit Facility Participation Procedures

Eligible Holders may elect, or may designate their Affiliates in accordance with these Exit Facility Participation Procedures to participate in the Exit Facility (such electing Eligible Holders or their Affiliates designated in accordance with these Exit Facility Participation Procedures, the "Participating Exit Lenders") and receive (i) such holder's *pro rata* share of two-thirds (2/3) of the Exit Term Loans (the "Subscription Portion"), where *pro rata* means the ratio of (x) such holder's Allowed First Lien Secured Claims as of the Exit Election Record Date to (y) the aggregate amount of all Allowed First Lien Secured Claims as of the Exit Election Record Date;[2] and (ii) ) such holder's *pro rata* share of a percentage of the

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.
[2] Any amounts not funded by Eligible Holders (or their designated Affiliates, in accordance with these Exit Facility Participation Procedures) will be funded by the Backstop Parties (as defined below).

New Equity Interests as set forth in the Exit Facility Term Sheet (which percentage of New Equity Interests is subject to dilution by any New Equity Interests issued under any Management Incentive Plan) (the "Equity Component"), where *pro rata* means, as of the Effective Date, the ratio of (x) the principal amount of the Exit Facility Subscription Portion funded by such holder (including on account of any backstop commitment) to (y) the total principal amount of the Exit Facility Subscription Portion.

The New Equity Interests distributed in connection with the Exit Facility are being distributed and issued without registration under the Securities Act, with respect to the portion of the New Equity Interests issued to the Holders of First Lien Secured Claims, in reliance upon the exemption provided in Section 1145 of the Bankruptcy Code, Section 4(a)(2) of the Securities Act and Regulation D thereunder and in compliance with any applicable state or local laws pursuant to the registration or exemption therefrom, as more fully described in these Exit Facility Participation Procedures.

The New Equity Interests distributed in connection with the Exit Facility, including the Backstop Consideration, have not been and will not be registered under the Securities Act, nor any state or local law requiring registration for offer and sale of a security, and the New Equity Interests distributed in connection with the Exit Facility may not be sold or transferred except pursuant to an effective registration statement or pursuant to an exemption from registration under the Securities Act.

## II. Important Dates

| Date | Calendar Date | Event |
|---|---|---|
| Exit Election Record Date: | August 22, 2023 | The date for determination of the Holders entitled to elect to participate in the Exit Facility (pursuant to an Exit Participation Form) |
| Exit Election Commencement Date | August 28, 2023 | Commencement of solicitation to participate in the Exit Facility |
| Exit Election Deadline | 4:00 p.m. (prevailing Central Time) on September 25, 2023 | The deadline for Eligible Holders to submit an exit participation form, including required tax forms and signature pages to the Exit Facility Documents (an "Exit Participation Form").<br><br>Exit Participation Forms must be returned to the Debtors' subscription agent, Epiq Corporate Restructuring LLC ("**Epiq**"), so that they are received by Epiq on or before the Exit Election Deadline. |

## III. The Exit Facility

The Exit Facility shall be provided on the terms and conditions set forth in the term sheet annexed as Exhibit 3 to the Disclosure Statement (the "Exit Facility Term Sheet").

**As set forth in the Exit Facility Term Sheet, the total aggregate principal amount of the Exit Facility is subject to change prior to the Effective Date. Any Eligible Holder that elects to participate in (or designate an Affiliate to participate in) the Exit Facility is electing to participate in (or designate its Affiliate to participate in) a fixed percentage of the Exit Facility. As such, the total amount of Exit Term Loans that may be required to be funded by an electing Eligible Holder (or its designated**

**Affiliate) is subject change prior to the Effective Date in accordance with the Exit Facility Term Sheet.**

Participating Exit Lenders shall receive (i) the Subscription Portion, and (ii) the Equity Component.

Notwithstanding anything to the contrary herein, an Eligible Holder may only elect to participate in (or designate an Affiliate to participate in) the Exit Facility if such Eligible Holder votes to accept the Plan. In the event that any Eligible Holder votes to reject the Plan, does not vote, or objects to confirmation of the Plan or approval of any matter related to these Exit Facility Participation Procedures, such Eligible Holder will not be entitled to participate in the Exit Facility.

## IV. The Backstop

In accordance with the Restructuring Support Agreement, the Debtors have entered into a backstop commitment letter (the "Backstop Commitment Letter") with certain holders of Allowed First Lien Secured Claims (the "Backstop Parties"), pursuant to which each of the Backstop Parties or their designees have committed, severally but not jointly, to (i) fund a portion of one-third (1/3) of the principal amount of the Exit Term Loans (the "Backstop Holdback") which portion shall be a percentage as set forth in the backstop commitment allocation schedule attached to the Backstop Commitment Letter (such holder's "Backstop Commitment Percentage"), the funding of which portion shall entitle such Backstop Party to receive its Commitment Percentage of a percentage of the New Equity Interests as set forth in the Exit Facility Term Sheet (which percentage of New Equity Interests is subject to dilution by any New Equity Interests issued under any Management Incentive Plan), (ii) in its capacity as an Eligible Holder, fully subscribe to fund its *pro rata* portion of two-thirds (2/3) of the principal amount of the Exit Term Loans (the "Exit Portion") in accordance with the Exit Facility Participation Procedures, and (iii) to the extent any portion of the Exit Portion remains unsubscribed or unfunded as of the Funding Date (as defined below), fund its Backstop Commitment Percentage of such unsubscribed or unfunded amount, in each case on the terms and subject to the conditions set forth in the Backstop Commitment Letter (such obligations, collectively, the "Backstop Commitments").

As consideration for the agreements and commitments under the Backstop Commitment Letter, the Debtors shall provide to each of the Backstop Parties (a) such Backstop Party's Backstop Commitment Percentage of a percentage of the New Equity Interests as set forth in the Exit Facility Term Sheet (which percentage of New Equity Interests is subject to dilution on account of any New Equity Interests issued under any Management Incentive Plan) (the "Backstop Premium"); and (b) the right to fund such Backstop Party's Backstop Commitment Percentage of the Backstop Holdback, in each case in accordance with the terms of the Backstop Commitment Letter. The Debtors filed a motion for approval of the Backstop Commitment Letter Dkt. No. 406, which was approved by the Bankruptcy Court on _________ ____, 2023 [Dkt. No. _____].]

## V. Participation by Eligible Holders

**In order to participate in the Subscription Portion (including to designate an Affiliate), an Eligible Holder must complete all of the steps outlined below. Except as otherwise provided herein, if all of the steps outlined below are not completed by the Exit Election Deadline by an Eligible Holder, such Eligible Holder shall be deemed to have forever and irrevocably relinquished and waived its right to participate in or designate participation in the Exit Facility, including any right to receive or designate the receipt of the Equity Component.**

**A. Participation in the Exit Facility**

Under the plan, Eligible Holders have the right, but not the obligation, to participate in the Participation, including through designation of an Affiliate as set forth in these Exit Facility Participation Procedures (the "Participation Rights"). **Only Eligible Holders may elect to participate in the Subscription Portion (including by designating an Affiliate) and may only commit to the funding of the Exit Facility loans if such Eligible Holder or its designated Affiliate that in fact commits to funding the Exit Facility loans (a) duly certifies that it is an Accredited Investor (as defined in Rule 501(a) of the Securities Act of 1933, as amended (the "Securities Act") in accordance with the procedures herein, or (b) the Debtors determine, in consultation with the Required Consenting Creditors, is eligible to participate in the Exit Facility in accordance with Regulation D under the Securities Act and applicable securities laws.**

Each Eligible Holder is entitled to elect, or designate its Affiliates in accordance with these Exit Facility Participation Procedures, to participate in the Exit Facility on the terms and conditions set forth in the Plan and these Exit Facility Participation Procedures and thereby receive (i) the Subscription Portion and (ii) the Equity Component.

Eligible Holders must submit an Exit Participation Form, which is being distributed contemporaneously with these Exit Facility Participation Procedures, in order to participate in the Subscription Portion or receive the Equity Component (including through designation of an Affiliate).

**SUBJECT TO THE TERMS AND CONDITIONS OF THE EXIT FACILITY PARTICIPATION PROCEDURES, ALL ELECTIONS SET FORTH IN THE EXIT PARTICIPATION FORM ARE IRREVOCABLE AND SHALL BIND ALL PARTIES AS SET FORTH BELOW.**

**B. Election Period**

Solicitation of the Exit Participation Forms will commence on the Exit Election Commencement Date and will expire on the Exit Election Deadline. Each Eligible Holder as of the Exit Election Record Date intending to participate in the Subscription Portion (including through designation of an Affiliate) must affirmatively elect to participate in the manner set forth in the Exit Participation Form by the Exit Election Deadline.

Any election to participate in the Subscription Portion after the Exit Election Deadline will not be given effect, and any purported election received by Epiq after the Exit Election Deadline, regardless of when the documents relating to such election were transmitted, will not be honored, except that the Debtors shall have the discretion, with the consent of the Required Consenting Creditors, to give effect to any election made after the Exit Election Deadline.

**C. Election to Participate**

In order to validly elect to participate in the Subscription Portion (including through designation of an Affiliate), each Eligible Holder as of the Exit Election Record Date must return its duly completed and executed Exit Participation Form, its or its designated Affiliates' signature pages to the Exit Facility Documents, and its and any designated Affiliates' IRS Form W-8 or IRS Form W-9, as applicable, to Epiq via email to tabulation@epiqglobal.com or by first class mail, overnight courier, or hand delivery in accordance with the instructions included on the Exit Participation Form, so that such documents are received by Epiq by the Exit Election Deadline. **Any Eligible Holder that fails to comply with the procedures for electing to participate in the Subscription Portion as set forth in these Exit Facility Participation Procedures shall be deemed to have forever and irrevocably relinquished and waived**

**its right to participate in the Exit Facility (including through designation of an Affiliate) unless otherwise agreed by the Debtors with the consent of the Required Consenting Creditors.**

Notwithstanding anything to the contrary in these Exit Facility Participation Procedures or the Exit Participation Form, (i) Backstop Parties may submit an Exit Participation Form but no Backstop Party shall be required to submit an Exit Participation Form or comply with any of the other requirements relating to an election to participate in the Exit Facility as set forth in these Exit Facility Participation Procedures or the Exit Participation Form; and (ii) failure by any Backstop Party to provide an Exit Participation Form or to satisfy any other requirement relating to an election to participate in the Exit Facility as set forth in these Exit Facility Participation Procedures or the Exit Participation Form (including the requirement to provide signature pages to the Exit Facility Documents) shall not affect its eligibility or right to participate in the Exit Facility on the terms set forth herein (disregarding the terms relating to an election to participate in the Exit Facility) and the Backstop Commitment Letter.

### D. Transfer Restriction; Designated Affiliates

The Participation Rights are not detachable from the Allowed First Lien Secured Claims and may not be sold, transferred, assigned, pledged, hypothecated, participated, donated, or otherwise encumbered or disposed of, directly or indirectly (including through derivatives, options, swaps, forward sales, or other transactions in which any person receives the right to own or acquire any current or future interest in the Participation Rights).

Any transferee or assignee of an Allowed First Lien Secured Claim that obtained such Allowed Claim as a result of a transfer or assignment will be entitled to exercise a Participation Right only if all actions necessary to effect the transfer of such Claim pursuant to Bankruptcy Rule 3001(e), if any, were completed on or before the Exit Election Record Date. In the event an Allowed First Lien Secured Claim is transferred after the Exit Election Record Date, or if all actions necessary to effect the transfer of such Allowed First Lien Secured Claim pursuant to Bankruptcy Rule 3001(e), if any, have not been completed prior to the Exit Election Record Date, such transfer will void any Participation Rights and neither such Holder of an Allowed First Lien Secured Claim as of the Exit Election Record Date nor the purported transferee will be eligible to exercise the Participation Rights.

Each Eligible Holder that elects to participate in the Subscription Portion in accordance with the Exit Facility Participation Procedures may designate one or more Affiliates on the Exit Participation Form as parties that will (i) participate in the Subscription Portion (and that will be required to fund the portion of the Exit Facility set forth on the Exit Participation Form) or (ii) receive the Equity Component; provided that, in each case, either (a) such designated Affiliate duly certifies that it is an Accredited Investor (as defined in Rule 501(a) of the Securities Act in accordance with the procedures herein or (b) the Debtors determine, with the consent of the Required Consenting Creditors, that such designated Affiliate is eligible to participate in the Exit Facility in accordance with Regulation D under the Securities Act and applicable securities laws. Any such designation will be subject to compliance with applicable securities laws relating to the transfer of restricted securities.

**In order for an Affiliate to be entitled to participate in the Subscription Portion or to receive the Equity Component, each Eligible Holder must, on or before the Exit Election Deadline, (i) designate on the Exit Participation Form that such Affiliate is the party that will participate in the Subscription Portion (and that will be required to fund the portion of the Exit Facility set forth on the Exit Participation Form) or will receive the Equity Component and (ii) provide an IRS Form W-9 or appropriate IRS Form W-8, as applicable, for itself and all such designated Affiliates (an IRS Form W-8 or IRS Form W-9, as applicable, must be provided for such holder even if one or more designated Affiliates will fund all of such holder's allocated portion and of the Exit Facility and receive all of**

**such holder's Equity Component).**

### E. Binding Commitment

The election of an Eligible Holder to participate, or the election by such Eligible Holder to designate one or more Affiliates to participate, in the Subscription Portion pursuant to an Exit Participation Form will bind such holder and any such Affiliates to participate in the Subscription Portion and such holder and any such Affiliates shall be required to fund their portion of the Exit Facility as determined pursuant to these Exit Facility Participation Procedures (such obligations, the "Exit Commitments").

### F. Funding of Participation Amounts

No later than fifteen (15) business days prior to the Effective Date (the "Funding Date"), each Participating Exit Lender who is not a Backstop Party shall fund an amount equal to its Subscription Portion by wire transfer in immediately available funds in U.S. dollars into an escrow account (the "Exit Facility Escrow Account") in satisfaction of such Participating Exit Lender's obligation to fund its Subscription Portion.

### G. Termination

The Election Options and the Exit Commitments will automatically terminate without any action of any party upon the earlier of (i) the date on which the Bankruptcy Court (A) enters an order denying confirmation of the Plan, (B) enters an order finding that any action taken by any Debtor (or any successor in interest of any Debtor) would render confirmation of the Plan impossible, or (C) otherwise declines to confirm the Plan, in each case, on grounds that would render it impossible for the Debtors to comply with the Restructuring Support Agreement; or (ii) termination of the Backstop Commitment Letter.

### H. Validity of Exercise of Election Options

The Exit Election Deadline may be extended by the Debtors with the consent of the Required Consenting Creditors. All questions concerning the timeliness, viability, form, and eligibility of any exercise of the Election Options will be determined in good faith by the Debtors in consultation with the Required Consenting Creditors and, if necessary, subject to a final and binding determination by the Bankruptcy Court. The Debtors may, but have no obligation to, waive any defects or irregularities with respect to the submission of an Exit Participation Form or contact Eligible Holders to notify them of any defects or irregularities with respect thereto. The Exit Participation Form will be deemed not to have been received or accepted until all irregularities contained therein have been waived or cured within such time as the Debtors determine in good faith. The Debtors may, but have no obligation to, notify holders of any defects or irregularities with respect to their submissions.

### I. Modification of Procedures

Subject to the terms of the Restructuring Support Agreement, the Debtors, with the consent of the Required Consenting Creditors, reserve the right to modify these Exit Facility Participation Procedures, or adopt additional procedures consistent with these Exit Facility Participation Procedures, to effectuate the Election Options; *provided*, *however*, that the Debtors shall provide prompt written notice to each Holder of any material modification to these Exit Facility Participation Procedures made after the Exit Election Commencement Date. In so doing, the Debtors may execute and enter into agreements and take any further actions that the Debtors determine in good faith are necessary and appropriate to effectuate and implement the Election Options.

The Debtors may undertake procedures to confirm that a participant is in fact an Accredited Investor, including, but not limited to, requiring additional certifications by such participant to that effect and other diligence measures, if any, as the Debtors deem reasonably necessary in consultation with the Required Consenting Creditors. The Debtors may also undertake procedures to confirm that a participant is in fact not an Accredited Investor or otherwise eligible to participate in the Exit Facility in accordance with Regulation D under the Securities Act and applicable securities laws.

### J. Closing

Unless otherwise agreed in writing between the Debtors and the Required Consenting Creditors, the closing of the Exit Facility (the "Closing") shall take place on the Effective Date. The Debtors shall provide notice of the anticipated date of the Closing to the Participating Lenders not later than twenty (20) business days prior to the Closing (the "Closing Notice Date"). Ten (10) business days prior to the Closing, the Debtors shall also provide to each Backstop Party a notice setting forth the full amount of Exit Term Loans to be funded by such Backstop Party, pursuant to the Backstop Commitment Letter, at the Closing, including any amounts to be funded on account of the Subscription Portion being less than fully subscribed by Eligible Holders that are not Backstop Parties. At the Closing, the funds held in the Exit Facility Escrow Account shall be released and utilized as set forth in accordance with the Plan and the Exit Facility Documents.

### K. Inquiries and Transmittal of Documents

The Exit Participation Instructions attached hereto should be read carefully and strictly followed.

Questions relating to the Election Options should be directed to Epiq at the following phone numbers: (646) 362-6336 (domestic) or +1 (503) 461-1847 (International) or by email to tabulation@epiqglobal.com. The risk of non-delivery of Exit Participation Forms is solely on each Holder of First Lien Secured Claims electing to exercise its Participation Rights.

**Before exercising any Participation Rights, Eligible Holders should read the Disclosure Statement, the Plan, and these Exit Facility Participation Procedures for information relating to the Debtors and the risk factors to be considered.**

## VI. Exit Participation Instructions for Holders of First Lien Secured Claims

To elect to participate in the Subscription Portion of the Exit Facility, you must follow the instructions set out below:

Item 1.

Item 1 sets forth the amount of your Allowed First Lien Claim, which is needed to determine the amount of Exit Term Loans you would be required to fund should you elect to (or elect to designate an Affiliate to) participate in the Exit Facility (your "Participation Amount"). The amount of your Allowed First Lien Claim has been pre-populated by Epiq, the Debtors' Solicitation Agent.

Your Participation Amount is calculated by *multiplying* the amount that is two-thirds (2/3) of the Principal Amount (as defined in the Exit Facility Term Sheet) by the ratio of your Allowed First Lien

Secured Claim[3] as of the Exit Election Record Date to the aggregate amount of all Allowed First Lien Secured Claims as of the Exit Election Record Date.

All Participation Amounts are dependent upon the amount of Allowed First Lien Secured Claims as of the Election Record Date. After the Election Record Date and prior to the Exit Election Deadline, a separate notice will be provided to you setting forth your fixed and final Allowed First Lien Secured Claims as of the Exit Election Record Date.

Furthermore, as set forth in the Exit Facility Term Sheet, the Principal Amount of the Exit Facility is subject to change prior to the Effective Date. Any Eligible Holder that elects to participate in (or designate an Affiliate to participate in) the Exit Facility is electing to participate in (or designate its Affiliate to participate in) a fixed percentage of the Exit Facility. As such, your total Participation Amount is subject to change prior to the Effective Date in accordance with the Exit Facility Term Sheet.

Complete Item 2. Confirm that you elect to participate in the Subscription Portion for the Participation Amount that will be calculated in accordance with the Exit Facility Participation Procedures, the Exit Facility Term Sheet, and the Plan by checking the box in Item 2 of the Exit Participation Form.

Read and Complete the Designation set forth in Item 3. The information in Item 3 of your Exit Participation Form informs you of your option to designate one or more Affiliates as the party or parties that will (i) participate in the Subscription Portion (and that will be required to fund your Participation Amount) or (ii) receive the Equity Component. Such designation must be accompanied by an IRS Form W-8 or IRS Form W- 9 for all such Affiliates and submitted on or before the Exit Election Deadline.

Complete Item 4. Provide the information needed for the registration of the New Equity Interests.

If an Election is made in Item 3 and one or more Affiliates is designated to participate in the Subscription Portion, the Affiliates must complete and sign the acknowledgment in Item 5 of your Exit Participation Form.

Read, complete, and sign the certification in Item 6 of your Exit Participation Form. If an Election is made in Item 3 and one or more Affiliates is designated to participate in the Subscription Portion, the Affiliates must also read, complete, and sign the certification in Item 6.

Deliver, for you or each Affiliate designated to participate in the Subscription Portion (as applicable), a duly executed signature page to the Exit Facility Documents to Epiq, which signature pages shall be destroyed if no Exit Facility loans are funded in connection with the Exit Facility.

Deliver, for you or each Affiliate designated to participate in the Subscription Portion or receive the Equity Component (as applicable), an IRS Form W-9 if you are a U.S. person. If you or any such Affiliates are a non- U.S. person, read, complete, and sign an appropriate IRS Form W-8. These forms may be obtained from the IRS at its website: www.irs.gov. An IRS Form W-8 or IRS Form W-9, as applicable, must be provided for the Holder even if an Affiliate is designated by such Holder. If Epiq does not receive an IRS Form W-8 or IRS Form W-9, as applicable, by the Exit Election Deadline from any Holder of an Allowed First Lien Secured Claim or, as applicable, its designated Affiliates,

[3] The amount, if any, of your Allowed First Lien Secured Claim is dependent upon the total amount of Allowed First Lien Claims. Currently, certain First Lien Claims are subject to dispute, and the total amount of Allowed First Lien Claims has not been finalized.

such Holder (and any designated Affiliates) shall be deemed to have forever and irrevocably relinquished and waived its right to participate in the Exit Facility unless otherwise provided in the Exit Facility Election Procedures or otherwise agreed by the Debtors with the consent of the Required Consenting Creditors.

Return your duly completed and executed Exit Participation Form, including your and your designated Affiliates' (as applicable) tax forms and signature pages to the Exit Facility Documents, to Epiq prior to the Exit Election Deadline either via email or by first class mail, overnight courier, or hand delivery in accordance with the instructions included on the Exit Participation Form. If you are returning your Exit Participation Form via first class mail, overnight courier, hand delivery, or email please submit your Exit Participation Form to the following address:

**If by First-Class Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
P.O. Box 4422
Beaverton, OR 97076-4422

**If by Hand Delivery or Overnight Mail:**
Heritage Power, LLC
c/o Epiq Ballot Processing Center
10300 SW Allen Blvd.
Beaverton, OR 97005

**tabulation@epiqglobal.com**

**The Exit Election Deadline is 4:00 p.m. (prevailing Central Time) on September 25, 2023.**

**Holders of First Lien Secured Claims should follow the delivery instructions provided in the Participation Form.**

**Participation Forms must be received by Epiq on or before the Exit Election Deadline.**

# EXHIBIT G

## EXIT PARTICIPATION FORM

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HERITAGE POWER, LLC, *et al.*,[1] | ) | Case No. 23-90032 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**EXIT PARTICIPATION FORM**

**CLASS 3 – First Lien Secured Claims**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THE EXIT PARTICIPATION ELECTION FORM CAREFULLY BEFORE COMPLETING THE FORM**

**THIS EXIT PARTICIPATION ELECTION FORM MUST BE RECEIVED BY EPIQ BY SEPTEMBER 25, 2023, BY 4:00 P.M. (PREVAILING CENTRAL TIME) (THE "EXIT ELECTION DEADLINE")**

**IMPORTANT NOTICE REGARDING THE OPPORTUNITY TO PARTICIPATE AS A LENDER IN THE SUBSCRIPTION PORTION OF THE EXIT FACILITY**

IF YOU ELECT TO PARTICIPATE AS A LENDER IN THE SUBSCRIPTION PORTION OF THE EXIT FACILITY, YOU WILL BE ENTERING INTO A BINDING LEGAL COMMITMENT TO FUND YOUR "PRO RATA" PORTION OF THE EXIT FACILITY. THIS OPPORTUNITY IS DEEMED NOT TO BE GIVEN TO ANY PERSON IN ANY JURISDICTION IN WHICH THE ACCEPTANCE OF THE OPPORTUNITY OR MAKING AN OFFER IN CONNECTION THEREWITH WOULD NOT BE IN COMPLIANCE WITH THE LAWS OF SUCH JURISDICTION.

THE EXIT FACILITY LOANS AND ANY NEW EQUITY INTERESTS ARE BEING ISSUED AND DISTRIBUTED WITHOUT REGISTRATION UNDER THE SECURITIES ACT, IN RELIANCE UPON THE EXEMPTION PROVIDED IN SECTION 1145 OF THE BANKRUPTCY CODE.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Heritage Power, LLC (9775); Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431), and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

THE EXIT FACILITY AND ANY NEW EQUITY INTERESTS HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT, NOR ANY STATE OR LOCAL LAW REQUIRING REGISTRATION FOR THE OFFER OR SALE OF A SECURITY.

**EXIT ELECTION DEADLINE**

**YOUR OPPORTUNITY TO ELECT TO BECOME A PARTICIPATING EXIT LENDER IN THE EXIT FACILITY WILL EXPIRE AT 4:00 P.M., PREVAILING CENTRAL TIME, SEPTEMBER 25, 2023, UNLESS EXTENDED BY THE DEBTORS.**

PLEASE NOTE THAT YOUR EXIT PARTICIPATION FORM (INCLUDING APPLICABLE TAX FORMS AND SIGNATURE PAGES) MUST BE RECEIVED BY THE DEBTORS' VOTING AGENT, EPIQ, ON OR BEFORE THE EXIT ELECTION DEADLINE OR YOUR ELECTION TO PARTICIPATE WILL NOT BE CONSIDERED AND WILL BE DEEMED FOREVER RELINQUISHED AND WAIVED.

THERE ARE NO WITHDRAWAL RIGHTS ONCE THE EXIT PARTICIPATION FORM ATTACHED TO THIS FORM IS VALIDLY DELIVERED, INCLUDING IN THE EVENT OF A MATERIAL CHANGE IN THE TERMS OF THIS OPPORTUNITY.

YOUR PARTICIPATION IN THE EXIT FACILITY IS SUBJECT TO YOUR PROVIDING ALL KNOW-YOUR-CUSTOMER INFORMATION AND OTHER DOCUMENTS REQUIRED BY THE ADMINISTRATIVE AGENT FOR THE EXIT FACILITY AND ITS SATISFACTORY REVIEW OF SUCH INFORMATION AND DOCUMENTS (AS DETERMINED IN THE SOLE DISCRETION OF SUCH ADMINISTRATIVE AGENT).

NO SUBMISSION OF AN EXIT PARTICIPATION FORM OR RELATED DOCUMENTS WILL BE VALID IF DELIVERED AFTER THE EXIT ELECTION DEADLINE OR NOT IN COMPLIANCE WITH THE EXIT FACILITY PARTICIPATION PROCEDURES OR THE INSTRUCTIONS SET FORTH IN THIS EXIT PARTICIPATION FORM.

PLEASE CONSULT THE PLAN, DISCLOSURE STATEMENT, AND EXIT FACILITY PARTICIPATION PROCEDURES (EACH, AS DEFINED HEREIN) FOR ADDITIONAL INFORMATION WITH RESPECT TO THIS EXIT PARTICIPATION FORM.

THE EXIT ELECTION RECORD DATE FOR PARTICIPATION IN THE EXIT FACILITY IS AUGUST 22, 2023.

TERMS USED AND NOT DEFINED HEREIN SHALL HAVE THE MEANING ASSIGNED TO THEM IN THE PLAN OR THE EXIT FACILITY PARTICIPATION PROCEDURES, AS APPLICABLE.

*You should review the Exit Facility Participation Procedures, the Disclosure Statement, the Plan, and the Exit Facility Term Sheet before you complete this Exit Participation Form. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.*

**Unless otherwise provided in the Exit Facility Participation Procedures, Holders of Allowed First Lien Secured Claims must submit an Exit Participation Form in order to participate in the Subscription Portion of the Exit Facility.**

To elect to participate in the Subscription Portion of the Exit Facility, you must return your duly completed and executed Exit Participation Form, your or your designated Affiliates' signature page to the Exit Facility

Documents, and your and any designated Affiliates' IRS Form W-8 or IRS Form W-9, as applicable, to Epiq so that they are received by Epiq on or before the Exit Election Deadline, which is **September 25, 2023, at 4:00 p.m. (prevailing Central Time)**. If Epiq does not receive your Exit Participation Form, including your and your designated Affiliates' (as applicable) tax forms and signature page to the Exit Facility Documents, on or before the Exit Election Deadline and if the Exit Election Deadline is not extended by the Debtors with the consent of the Required Consenting Creditors, your election will not be given effect. You may submit your Exit Participation Form by returning this paper Exit Participation Form or by email to tabulation@epiqglobal.com.

**Item 1. Amount of Claim.**

The undersigned certifies that it is a Holder of an Allowed First Lien Claim in the following amount as of the Exit Election Record Date.

$______________

Please review the Exit Facility Participation Procedures, Plan, and Disclosure Statement for information regarding the calculation of your Participation Amount.

**Item 2. Election to Participate in the Exit Facility.**

Each Eligible Holder is entitled to participate in its Participation Amount of the Subscription Portion. **As set forth in the Exit Facility Term Sheet, the Principal Amount of the Exit Facility is subject to change prior to the Effective Date. Any Eligible Holder that elects to participate in (or designate an Affiliate to participate in) the Exit Facility is electing to participate in (or designate its Affiliate to participate in) a fixed percentage of the Exit Facility. As such, your total Participation Amount is subject to change prior to the Effective Date in accordance with the Exit Facility Term Sheet. By electing to participate in the Exit Facility, you are electing to participate in (or designate an Affiliate to participate in) the Exit Facility and are committing to fund (or designating an Affiliate to commit to fund) Exit Facility loans up to your highest possible Participation Amount.**

The Holder of the Allowed First Lien Secured Claim:

☐ **Elects** to participate in (or designate an Affiliate to participate in, if applicable) the Subscription Portion of the Exit Facility and to fund (or designate an Affiliate to fund, if applicable) Exit Facility loans in its full Participation Amount as will be determined in accordance with the Exit Facility Participation Procedures, the Exit Facility Term Sheet, and the Plan (the "Election Amount").

**Any Holder of Allowed First Lien Secured Claims that does not check the box above to elect to participate in the Subscription Portion of the Exit Facility or does not return this Exit Participation Form in accordance with the Exit Facility Participation Procedures and this Exit Participation Form will be deemed to have declined to participate in the Subscription Portion of the Exit Facility.**

Once a Holder of an Allowed First Lien Secured Claim has properly exercised its Participation Rights, subject to the terms and conditions of these Exit Facility Participation Procedures, such exercise will be irrevocable.

**Item 3. Designation of an Affiliate.**

You are required to complete this Item 3 ONLY if you wish to designate one or more Affiliates as parties that will (i) participate in the Subscription Portion (and that will be required to fund the portion of the Exit Facility set forth on the Exit Participation Form) or (ii) receive the Equity Component. Such Affiliate must also complete an IRS Form W-8 or IRS Form W-9, as applicable, in accordance with the Exit Facility Participation Procedures.

☐ Elects to designate one or more Affiliates to commit to fund the Subscription Portion of the Exit Facility. (Please complete the remainder of this Item 3 in full).

☐ Elects to designate one or more Affiliates to participate in Equity Component. (Please complete the remainder of this Item 3 in full).

The Plan defines "Affiliate" to mean, with respect to any Person, any other Person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the Person specified, where "control" shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management policies of a Person, through ownership of voting securities or rights, by contract, as trustee, executor or otherwise.

The Debtors reserve the right to require evidence of eligibility from the Eligible Holder as of the Exit Election Record Date and/or its designated Affiliates (including to determine, in consultation with the Required Consenting Creditors, that such holder or Affiliate is eligible to participate in the Subscription Portion of the Exit Facility in accordance with Regulation D under the Securities Act and applicable securities laws).

**IF YOU DO NOT COMPLETE ITEM 3 (AND PROVIDE, IN RESPECT OF YOUR APPLICABLE AFFILIATES, ACCOMPANYING IRS FORM W-8 OR IRS FORM W-9, AS APPLICABLE, OR SIGNATURE PAGES TO THE EXIT FACILITY DOCUMENTS), YOU WILL BE REQUIRED TO FUND THE PORTION OF THE EXIT FACILITY SET FORTH IN THIS EXIT PARTICIPATION FORM IN THE AMOUNT SPECIFIED HEREIN AND YOUR AFFILIATES WILL NOT BE ELIGIBLE TO PARTICIPATE IN THE EXIT FACILITY. THE ELECTION OF A HOLDER OF AN ALLOWED FIRST LIEN SECURED CLAIM TO PARTICIPATE IN THE EXIT FACILITY PURSUANT TO AN EXIT PARTICIPATION FORM WILL BIND ANY AFFILIATE THAT IS DESIGNATED BY SUCH HOLDER AS THE PARTY REQUIRED TO PARTICIPATE IN THE EXIT FACILITY.**

For each applicable Affiliate, please identify below (i) whether they are designated to (a) participate in the Subscription Portion (and be required to fund the portion of the Exit Facility set forth on the Exit Participation Form) or (b) receive the Equity Component; (ii) the percentage of your Election Amount or your Equity Component that such Affiliate should fund or receive; and (ii) its U.S. Federal Tax EIN/SSN.

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

Any amounts of your Election Amount or your Equity Component not designated to be funded or received by your Affiliates indicated above shall be funded or received by you.

**Item 4. Registration Information.**

Please indicate on the lines provided below your and each applicable Designated Affiliate's name and address as you would like it to be reflected on the Debtors' or the transfer agent's records (as applicable). To the extent applicable, the information below may be included as an attachment for additional Designated Affiliates.

Registration Line 1: __________________________________________________________

Registration Line 2 (if needed): __________________________________________________

Address 1: ________________________________________________________________

Address 2: ________________________________________________________________

Address 3: ________________________________________________________________

Address 4: ________________________________________________________________

Telephone: ________________________________________________________________

Email: ______________________________________________________________

U.S. Federal Tax EIN/SSN (optional for Non-U.S. persons): ___________________________

If Non-U.S. person, check here and attach appropriate IRS Form W-8: ☐

If U.S. person, check here and attach IRS Form W-9 ☐

**Item 5. Affiliate Acknowledgement.**

The undersigned hereby acknowledges its designation as an Affiliate under the Exit Facility Participation Procedures and acknowledges its obligations with respect to participating in the Subscription Portion of the Exit Facility and certifies it is an Accredited Investor as defined in Rule 501(a) of the Securities Act. To the extent applicable, the information below may be included as an attachment for additional Affiliate Acknowledgements.

Name of Affiliate:____________________________________________________________

Signature:____________________________________________________________

Name of Signatory:____________________________________________________________

Title:____________________________________________________________

**Item 6. Certification.**

The undersigned certifies that: (i) the undersigned is an holder is an Accredited Investor (as defined in Rule 501(a) the Securities Act); (ii) the undersigned, as of the Exit Election Record Date, held Allowed First Lien Claims in the amount set forth in Item 1 above; (iii) the undersigned received the Exit Facility Participation Procedures and copies of the Plan and the Disclosure Statement; (iv) the undersigned understands that the exercise of its participation in the Exit Facility is subject to all the terms and conditions set forth in the Plan, the Exit Facility Term Sheet, and the Exit Facility Participation Procedures; (v) the undersigned understands that the exercise of its participation in the Subscription Portion of the Exit Facility is irrevocable; (vi) the undersigned understands that if the undersigned designated an Affiliate in Item 3 as the party that will participate in the Exit Facility, such Affiliate (1) shall be required to fund the portion of the Exit Facility set forth on this Exit Participation Form, and (2) is required to submit an accompanying IRS Form W-8 or IRS Form W-9 on or before the Exit Election Deadline; (vii) the undersigned understands that it is required to submit an accompanying IRS Form W-8 or IRS Form W-9 on or before the Exit Election Deadline; (viii) the undersigned (or its Affiliates, if so designated) must submit a signature page to the Exit Facility Documents together with this Exit Participation Form and (ix) and any transfer of an underlying Claim after the Exit Election Record Date, or any transfer for which all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e), if any, have not been completed prior to the Exit Election Record Date, will void the right to elect to participate in the Subscription Portion of the Exit Facility, and neither the undersigned nor a purported transferee will be eligible to participate in the Subscription Portion of the Exit Facility.

The undersigned acknowledges that, by executing this Exit Participation Form, the undersigned has elected to participate in the Subscription Portion of the Exit Facility to the extent designated herein and will be bound to fund (or if one or more Affiliates is designated in Item 3, such Affiliates shall be bound to fund) its Election Amount and that it may be liable to the Debtors and/or the Participating Exit Lenders to the extent of any failure to fund its commitments.

Name of Holder: ______________________________________
(Please print or type)

Signature: ______________________________________

Name of Signatory: ______________________________________
(If other than Holder)

Title: ______________________________________

Address: ______________________________________

______________________________________

Telephone No.: ______________________________________

E-Mail Address: ______________________________________

Date Completed: ______________________________________

**PLEASE COMPLETE, SIGN, AND DATE THE EXIT PARTICIPATION FORM AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR TO EPIQ VIA EMAIL IN ACCORDANCE WITH THE BELOW. YOUR EXIT PARTICIPATION FORM MUST BE RECEIVED BY THE EXIT ELECTION DEADLINE, WHICH IS 4:00 P.M. PREVAILING CENTRAL TIME ON SEPTEMBER 25, 2023. IF YOU HAVE ANY QUESTIONS REGARDING THIS EXIT PARTICIPATION FORM OR THE EXIT FACILITY PARTICIPATION PROCEDURES, PLEASE CONTACT EPIQ AT (646) 362-6336 (DOMESTIC) OR (503) 461-1847 (INTERNATIONAL).**

**INSTRUCTIONS FOR SUBMITTING EXIT PARTICIPATION FORM**

| **If Submitting Your Election via Email** |
|---|
| tabulation@epiqglobal.com |
| **If by First Class Mail, Overnight Courier, or Hand Delivery:** |
| **If by First-Class Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>P.O. Box 4422<br>Beaverton, OR 97076-4422<br><br>**If by Hand Delivery or Overnight Mail:**<br>Heritage Power, LLC<br>c/o Epiq Ballot Processing Center<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**PLEASE SUBMIT YOUR EXIT PARTICIPATION FORM PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS EXIT PARTICIPATION FORM OR THE EXIT FACILITY PARTICIPATION PROCEDURES, PLEASE CONTACT EPIQ AT TABULATION@EPIQGLOBAL.COM OR BY TELEPHONE AT (646) 362-6336 (DOMESTIC) OR +1 (503) 461-1847 (INTERNATIONAL).**

*****

**EXIT FACILITY SIGNATURE PAGE**

**[TO BE PROVIDED]**