IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re:<br><br>HERITAGE POWER, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90032 (CML)<br><br>Jointly Administered |

**STIPULATION AND AGREED ORDER RESOLVING DISPUTES BETWEEN THE DEBTORS AND EASTERN GAS TRANSMISSION AND STORAGE, INC.**
[Related to Doc Nos. 141, 283, 330, 401, 407, 426, 428, 466, 479, 491, 492, 529, 539, 540, 576, 581, 593, 597, 600, and 601]

This Stipulation and Agreed Order (the "Stipulation and Agreed Order") is entered into by debtors in the above captioned cases ("Debtors" and as reorganized, the "Reorganized Debtors") and Eastern Gas Transmission and Storage Inc. ("EGTS") (each a "Party" and collectively, the "Parties"), which hereby stipulate and agree as follows:

**WHEREAS**, Shawville Power, LLC ("Shawville Power") operates a Plant (the "Shawville Plant") in Shawville, Pennsylvania.

**WHEREAS**, on January 24, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code commencing the above captioned jointly administered cases (the "Chapter 11 Cases").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Heritage Power, LLC (9775) ; Blossburg Power, LLC (3538); Brunot Island Power, LLC (8482); Gilbert Power, LLC (2872); Hamilton Power, LLC (6256); Heritage Power Intermediate Holdings, LLC (8767); Heritage Power Marketing, LLC (3891); Hunterstown Power, LLC (4065); Mountain Power, LLC (6709); New Castle Power, LLC (8606); Niles Power, LLC (6766); Orrtanna Power, LLC (8863); Portland Power, LLC (3465); Sayreville Power, LLC (6167); Shawnee Power, LLC (3714); Shawville Power, LLC (8264); Titus Power, LLC (6547); Tolna Power, LLC (8431), and Warren Generation, LLC (8699). The location of the Debtors' service address is: 1360 Post Oak Blvd., Suite 2000, Houston, TX 77056.

1

**WHEREAS**, as of the Petition Date, EGTS was the current counterparty with Shawville Power for the firm transportation of natural gas under the Service Agreement Applicable to Transportation of Natural Gas Under Rate Schedule FT (the "EGTS Agreement").[2]

**WHEREAS**, on February 3, 2023, the Debtors filed a motion to reject the EGTS Agreement [Docket No. 95] (the "Rejection Motion").

**WHEREAS**, on March 2, 2023, the Court entered an order granting the Rejection Motion [Docket No. 141] (the "Rejection Order").

**WHEREAS**, the Rejection Order included a provision preserving the Parties' rights regarding any allowance of any administrative expense claims for any alleged usage of the pipeline capacity under the EGTS Agreement after the Petition Date.

**WHEREAS**, on April 20, 2023, EGTS timely filed its original proof of claim in Shawville Power's bankruptcy case [Claim No. 10104] (the "Original POC") asserting, among other things: (i) a priority claim under 11 U.S.C. § 507(a)(2) in the amount of $510,033.95; and (ii) recoupment of $968,665.25 comprising the refund that EGTS owed Shawville Power pursuant to a settlement agreement that EGTS filed with the Federal Energy Regulatory Commission related to amounts charged under the EGTS Agreement (the "Tariff Refund").

**WHEREAS**, on April 21, 2023, EGTS filed its first amended proof of claim in Shawville Power's bankruptcy case [Claim No. 10134] (the "First Amended POC") asserting, among other things: (i) a priority claim under 11 U.S.C. § 507(a)(2) in the amount of $410,033.95; and (ii) recoupment of the Tariff Refund.

---

[2] The original *Service Agreement Applicable to Transportation of Natural Gas Under Rate Schedule FT* dated as of September 29, 2017 was between Dominion Energy Transmission, Inc. (formerly Dominion Transmission, Inc.) and NRG REMA LLC.

2

**WHEREAS**, on April 21, 2023, EGTS timely filed an application for allowance and payment of an alleged administrative expense claim totaling $410,033.95 for alleged per diem charges for alleged postpetition usage of the pipeline capacity under the EGTS Agreement in January and February 2023 [Docket No. 283] (the "Original Admin Claim").

**WHEREAS**, on May 26, 2023, Shawville Power timely filed its objection to the Original Admin Claim asserting, among other things, that the maximum amount that may qualify as an administrative expense claim for any postpetition usage of the pipeline capacity under the EGTS Agreement in January and February 2023 was no more than $109,915.58.  Docket No. 330.

**WHEREAS**, on July 24, 2023, EGTS filed its second amended proof of claim in Shawville Power's bankruptcy case [Claim No. 10202] (the "Second Amended POC" and together with the Original POC and the First Amended POC, the "EGTS Proof of Claim") asserting, among other things: (i) a priority claim under 11 U.S.C. § 507(a)(2) in the amount of $1,133,806.00; and (ii) recoupment of the Tariff Refund and $2,873.03 comprising the penalty amount that EGTS owed Shawville Power (the "Penalty" and together with the Tariff Refund, the "Withheld Funds").

**WHEREAS**, on July 24, 2023, EGTS filed its amended application for allowance and payment of an alleged administrative expense claim totaling $1,133,806.00 for alleged monthly, contract charges for any usage of the pipeline capacity under the EGTS Agreement in January and February 2023 [Docket No. 283] (the "Amended Admin Claim" and together with the Original Admin Claim, the "Admin Claim").

**WHEREAS**, on July 25, 2023, EGTS filed a motion for relief from the automatic stay to exercise alleged setoff rights as an alternative to alleged recoupment of the Withheld Funds [Docket No. 407] (the "Stay Relief Motion").

3

**WHEREAS**, on August 14, 2023, the Debtors timely filed their objection to the Amended Admin Claim asserting, among other things, that the maximum amount that may qualify as an administrative expense claim for any postpetition usage of the pipeline capacity under the EGTS Agreement in January and February 2023 was no more than $109,915.58.  Docket No. 426.

**WHEREAS**, on August 17, 2023, Shawville Power timely filed its objection to the Stay Relief Motion asserting, among other things, that: (i) EGTS has no setoff rights under applicable non-bankruptcy law; (ii) the Stay Relief Motion should not be resolved before the forthcoming adversary proceeding that the Debtors were going to file against EGTS; and (iii) EGTS has no recoupment rights as a matter of law.  Docket No. 428.

**WHEREAS**, on August 22, 2023, the Court entered an order approving the stipulation between the Parties regarding the initial hearing on the Stay Relief Motion and: (i) converting such hearing into a non-evidentiary preliminary hearing and status conference; and (ii) continuing the effect of the automatic stay through the conclusion of a final hearing on the Stay Relief Motion, which the Parties agreed could occur more than 30 days after the initial hearing.  Docket No. 466.

**WHEREAS**, on August 24, 2023, the Court held a non-evidentiary preliminary hearing and status conference on the Stay Relief Motion during which the Court continued the status conference to August 31, 2023, and directed the Debtors to file their adversary proceeding before the continued status conference.

**WHEREAS**, on August 30, 2023, Shawville Power filed (i) a complaint [Adv. No. 23-03186, Doc. No. 1] (the "Complaint") against EGTS asserting four counts against EGTS to resolve the disputes regarding the Withheld Funds and (ii) an amended response and objection to the Stay Relief Motion.

4

**WHEREAS**, on August 31, 2023, the Court held the continued status conference on the Stay Relief Motion during which the Court directed a schedule for the Parties to submit additional briefing and declarations (the "Briefing Schedule") for an evidentiary hearing on the Stay Relief Motion.

**WHEREAS**, on September 13, 2023, the Court entered a stipulation and agreed order that, among other things, extended EGTS' deadline to file a responsive pleading or motion under Federal Rule of Bankruptcy Procedure 7012 through and including the thirtieth day after the Court enters a final order on the Stay Relief Motion.  Adv. Pro. Doc. No. 6.

**WHEREAS**, on September 30, 2023, the Debtors filed their plan of reorganization [Docket No. 544] (the "Plan").

**WHEREAS**, Article VI.I of the Plan provided, among other things, that EGTS and other holders of Claims against the Debtors would have no setoff or recoupment rights unless certain conditions were satisfied before the Effective Date.

**WHEREAS**, the Parties timely filed briefing and declarations for the evidentiary hearing on the Stay Relief Motion in accordance with the Briefing Schedule.  Docket Nos. 491, 539, 540, 597.

**WHEREAS**, on October 4, 2023, the Court entered an order confirming the Plan [Docket No. 576] (the "Confirmation Order").

**WHEREAS**, paragraph 102 of the Confirmation Order provided, among other things, that EGTS retained any set off and recoupment rights alleged in the Stay Relief Motion pending the final resolution of the Stay Relief Motion and the Complaint fully adjudicating the Parties' rights notwithstanding anything in the Plan or the Confirmation Order to the contrary.

**WHEREAS**, on October 5, 2023, EGTS filed its reply in support of the Stay Relief Motion in accordance with the Briefing Schedule.  Docket No. 581.

**WHEREAS**, on October 11, 2023, the Debtors filed a notice that certain factual disputes remain for an evidentiary hearing on the Stay Relief Motion.  Docket No. 593.

**WHEREAS**, on October 17, 2023, the Court held a status conference regarding the Stay Relief Motion and related matters.

**WHEREAS**, the Parties agreed to inform the Court that they would resume settlement discussions and request that the evidentiary hearing on the Stay Relief Motion scheduled for October 18, 2023 be cancelled.

**WHEREAS**, upon the request of the Parties, the Court cancelled the evidentiary hearing on the Stay Relief Motion.

**WHEREAS**, the effective date of the Plan occurred on November 21, 2023.  *See* Docket No. 671.

**WHEREAS**, the Parties, after engaging in discussions regarding a potential settlement of all outstanding issues, have determined that it is desirable to compromise and settle all issues and disputes related to the EGTS Proof of Claim, the Withheld Funds, the Admin Claim, and the Stay Relief Motion, on the terms and conditions set forth herein.

**WHEREAS**, the Parties agree that this Stipulation and Agreed Order is made in compromise of disputed claims and to avoid the expense and inconvenience of litigation and is not, and is not to be construed as, a finding or admission of liability by any Party.  Neither this Stipulation and Agreed Order nor the negotiation, preparation, or submission hereof shall be deemed or construed to be an admission of the validity of any claims made by any of the Parties. If this Agreement does not become effective for any reason, it shall be deemed to have been

6

negotiated for settlement purposes only and shall not be admissible in evidence or usable for any purpose whatsoever.

**NOW, THEREFORE**, in consideration of the covenants and agreements contained herein, and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each Party, intending to be legally bound hereby, agrees and, upon approval by the Court, **IT IS ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference with the same force and effect as if fully set forth below.

2. The EGTS Proof of Claim shall be adjusted to reflect that EGTS' has an allowed unsecured claim of $20,500,000.00.

3. EGTS shall retain all the Withheld Funds and the Debtors and their estates hereby unconditionally waive and relinquish any and all rights, claims and interests in and to the Withheld Funds.

4. The Admin Claim and the Stay Relief Motion are deemed withdrawn with prejudice.

5. EGTS waives any other claims, liens, and interests, including any other administrative expense claims, it may have against the Reorganized Debtors and/or the Debtors' estates.

6. Epiq Corporate Restructuring, LLC is authorized and directed to take all such actions as are necessary or appropriate to adjust and update the claims register consistent with this Order including to update the EGTS Proof of Claim and the Admin Claim.

7. The Stay Relief Motion is denied as moot.

8. Within 5 business days of the Court's entry of this Order, the Reorganized Debtors shall dismiss with prejudice adversary proceeding number 23-03186 (the "Adversary Proceeding").

9. Debtors hereby irrevocably release, acquit and forever discharge EGTS and its affiliates, successors, assigns, designees, subsidiaries, employees, shareholders, attorneys, accountants, officers and directors, from any and all claims, actions, liabilities, debts and causes of action, including without limitation all avoidance claims and avoidance causes of action arising under Chapter 5 of the Bankruptcy Code, whatsoever, whether in law or in equity, whether known or unknown, which Debtors have, ever had, or might have had, arising out of or pertaining to the EGTS Agreement, the Refund, the Penalty, the Stay Relief Motion, the Adversary Proceeding, the Admin Claim, and/or the Chapter 11 Cases.  For the avoidance of doubt, this paragraph shall not reduce the enforceability against EGTS of any Order entered in the Chapter 11 Cases including, among other things, the Confirmation Order.

10. This Stipulation and Agreed Order shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, and permitted successors and assigns, and any parent, subsidiary, or affiliated entity of the Parties.

11. This Stipulation and Agreed Order contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Agreed Order.

12. This Stipulation and Agreed Order is the result of negotiations between the Parties and shall be deemed to be the product of the Parties.  Accordingly, this Stipulation and Agreed Order shall not be construed against any particular Party merely because of the Party's involvement in the preparation of this Agreement.

13. This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by: (i) a writing executed by the Parties or their authorized representatives and (ii) an order entered by this Court approving such modification, alteration, amendment, or supplement after notice and a hearing.

14. The Parties are authorized to take all such actions as are necessary or appropriate to implement the terms of this Stipulation and Agreed Order.

15. The terms and conditions of this Stipulation and Agreed Order will be immediately effective and enforceable upon its entry.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: _____, 2024
        Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE

*(Signature page follows)*

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation and Agreed Order to be executed and delivered by the following respective duly authorized persons, solely in the designated respective capacity of the undersigned and not in any other capacity, as of the date indicated below.

**THE REORGANIZED DEBTORS**

By: *Brant Yung*

Name: Brant Yung

Title: Authorized Signatory

Date: 1/23/2024

**EASTERN GAS TRANSMISSION AND STORAGE, INC.**

By: _____

Name: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation and Agreed Order to be executed and delivered by the following respective duly authorized persons, solely in the designated respective capacity of the undersigned and not in any other capacity, as of the date indicated below.

**THE REORGANIZED DEBTORS**

By:_____

Name: _____

Title: _____

Date: _____

**EASTERN GAS TRANSMISSION AND STORAGE, INC.**

By: */s/ Brian C. Wilson*

Name: Brian C. Wilson

Title: Vice President, Pipeline Commercial Services

Date: January 25, 2024

10